(No. 12276.—Reversed and remanded.)

THEDE BROS. et al. Plaintiffs in Error, vs. THE INDUSTRIAL COMMISSION et al.—(JOSEPH MARSH, Defendant in Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*exception to the rule that sufficiency of evidence is not subject to review by court.* The Industrial Commission has no jurisdiction to apply the Compensation act to persons not subject to its provisions, and for the purpose of determining the question of jurisdiction the courts may review the evidence certified in the record.

2. SAME—*when employment is casual.* Where a teaming company hires a person as an extra helper for no definite time and without any intention on the part of either employer or employee that the employment shall be permanent, the employee, who was a carpenter by trade, testifying that he understood the employment was a pick-up job, the employment is casual within the meaning of the Compensation act.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

MACCHESNEY, BECKER, ANGERSTEIN & ROLLO, for plaintiffs in error.

CLARENCE W. HEYL, (HEYL & HEYL, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Thede Bros. and David Thede were engaged in the transfer and storage business in the city of Peoria and employed many regular teamsters and common laborers who were designated as helpers. Joseph Marsh, who was in their employ, was injured while moving a washing machine, and made application to the Industrial Board for an award for the injury. An award of $270, payable in weekly installments, was made. A writ of *certiorari* issued by the circuit court was quashed, and this writ of error was sued out to review the judgment of the circuit court.

At the time of the injury section 5 of the Workmen's Compensation act provided that "the term 'employee' as used in this act shall be construed to mean * * * every person in the service of another under any contract of hire, express or implied, oral or written, * * * but not including any person whose employment is but casual or who is not engaged in the usual course of the trade, business, profession or occupation of his employer." (Hurd's Stat. 1916, p. 1274.) It is claimed by the plaintiffs in error that the employment of Marsh was but casual, and that he was therefore not within the terms of the act.

While the sufficiency of the evidence before the Industrial Commission is not ordinarily subject to review, yet there is an exception to this when the question of the commission's jurisdiction is involved. The Industrial Commission has no jurisdiction to apply the act to persons who are not subject to its provisions, and the evidence certified in the record may be reviewed to determine the question of its jurisdiction. *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316.

The plaintiffs in error used sixty-five wagons in their business and a man operating each wagon, with helpers only when they had heavy work. They kept regular men employed as helpers, and if they needed extra help for heavy work they picked them up as they found them, sending the extra men out to help on work that they were employed to do. Marsh was employed in this way on May 18, 1917, to help move a heavy furnace. He testified that he had been working as a carpenter for a long time, and on Friday, May 18, 1917, while waiting to see one Mehegan about a job, Thede came along and told him he might make a few dollars while he was doing nothing; that Thede was going to take a furnace out and that it was heavy work. Marsh testified that it was a pick-up job, and he didn't intend to · stay there or become a regular employee. Thede asked him to take out the old furnace, and they did not get through

with it on that day. Marsh was paid that day for that day's work. He came back the next morning and the moving of the furnace was completed about nine o'clock. He was then told to go with the teamster, and they started moving a washing machine, in which operation his hands were caught in the pulley and injured. He was employed for no definite time. He did not intend to become a regular employee and the plaintiffs in error did not intend him to be a regular employee. He understood that the employment was a pick-up job and they so understood it. He was not on the regular pay-roll, though the clerk who worked on the pay-roll testified that if he had known that Marsh was coming the next day he would have put his name on the pay-roll in order to get the money from the bank, as Saturday was pay-day. When that day's work was done there was no contract of hire, express or implied, oral or written, between the plaintiffs in error and Marsh, and he would no longer have been in their service unless he had been again hired for another day or a longer time. In *Aurora Brewing Co. v. Industrial Board,* 277 Ill. 142, it was said: "It would seem, however, that the legislature intended the word 'casual' to be used as meaning 'occasional,' 'irregular' or 'incidental,' in contradistinction from 'stated' or 'regular.'" Several cases are cited in the opinion illustrative of the circumstances under which an employment should be regarded as casual, and under the principles announced in that case and the cases cited, the employment of Marsh was not stated or regular but was casual, only.

The judgment of the circuit court will be reversed and the cause remanded, with directions to quash the proceedings of the Industrial Commission.

*Reversed and remanded, with directions.*