# STATE ACCIDENT FUND and THE STATE INDUSTRIAL ACCIDENT COMMISSION.

## *vs.*

# JULIA JACOBS.

*Workmen's Compensation Act: "casual employment"; exempt what is—. Driver for packer, hired by season, when needed.*

The question whether an employment is casual, within the meaning of the Workmen's Compensation Act, must be determined with principal reference to the scope and purpose of the hiring, rather than with sole regard to the duration and regularity of the service.                              p. 135

One who is employed all of a packing season to drive for the packer whenever he is needed is not engaged in a casual employment merely, within the meaning of the exception in the Workmen's Compensation Act, and if injured while in such employment is entitled to compensation thereunder.          p. 136

*Decided March 5th, 1919.*

Appeal from the Circuit Court for Caroline County. (ADKINS & HOPPER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, THOMAS, URNER and STOCKBRIDGE, JJ.

*Ogle Marbury, Acting Attorney General,* and *Philip B. Perlman, Assistant Attorney General,* (with whom was *Albert C. Ritchie, the Attorney General,* on the brief), for the appellants.

*T. Alan Goldsborough,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee's son was fatally injured by being thrown against a post as he was driving a wagon loaded with canned tomatoes out of the packing factory of his employer. The only question to be decided on this appeal is whether he was a casual employe within the meaning of the Maryland Workmen's Compensation Act which excepts "casual employes" from its provisions. Code, Art. 101, sec. 63, par. 3.

The injured man, who was a farmer and teamster, had been employed to do hauling for the factory whenever he was needed for that service. His employer testified: "He was engaged to me early in the canning season to work for me at such times as I might need him, and he promised to help me out at all such times as I might call upon him, and he did so, the day of the accident being the last of the work he had for the season." To the question: "Was there no separate engagement or contract of hiring for the work he was doing on the day of the accident?" The employer replied: "Nothing more than just to tell him to come; the same wages paid all the time, always during the season the same wages." Under this general engagement the teamster who was injured had been called upon repeatedly for hauling service in the course of the packing season, being paid at the uniform rate of three dollars per day when he hauled with his own team, and one dollar and a half per day when a factory team was used.

The Workmen's Compensation Act of this State does not define the term "casual" as therein used to describe one of the classes of employees to whom the Act is not intended to apply. It is a purely relative term and, in the absence of a statutory definition, its application should be determined in each case according to the particular facts presented. The Act defines an "employe" to be "a person who is engaged in an extrahazardous employment in the service of an employer carrying on or conducting the same upon the premises or at a plant, or in the course of his employment away from the plant of his employer." There can be no dispute as to the fact that

the appellee's son was an "employe," within the definition of the Act, at the time he was injured, but it is contended that his employment was so irregular that it should be characterized as only casual, within the meaning of the Act, and therefore expressly excluded from its operation.

The question whether an employment is casual must be determined with principal reference to the scope and purpose of the hiring rather than with sole regard to the duration and regularity of the service. One who enters into a contract of employment for an entire season is not a casual employe merely because he may be required to work for only short and irregular periods. When there is a continuing engagement to serve the employer in his business at such times as the particular and essential service may be needed, the employment is not "casual" according to any of the judicial definitions of that term. In this case the service required and rendered was occasional, but it was in pursuance of an engagement covering the whole of the working season at the employer's plant.

In *Sabella* v. *Brazileiro,* 86 N. J. L. 505, where a longshoreman was employed at a certain sum per hour to help load a ship, having frequently rendered similar service to the same employer on previous occasions, it was held that the employment was not casual under the New Jersey Employer's Liability Act. It was decided in *Boyle* v. *Mahoney* (Conn.), 103 Atl. 127, that one who kept machinery and boats in order at an amusement park, whenever called upon for such service, was not a casual employe within the meaning of those words as used in the Workmen's Compensation Act of Connecticut. In *Jordan* v. *Weinman* (Wis.), 167 N. W. 810, a boy who was called in at irregular intervals for service in a butcher's shop, when extra help was needed, or in the absence of a regular employe, was held not to be serving under a casual employment within the terms of the Workmen's Compensation Act of Wisconsin. Also in *Dyer* v. *James Block M. & C. Co.* (Mich.), 158 N. W. 959, where a man employed in other work on a building was engaged to assist in unloading

glass as it arrived from time to time for use in the same building, it was held that the latter employment was not casual, under the Workmen's Compensation Law of Michigan, though there was an interval of ten days between the only two occasions when the service was performed. But in *Hill v. Begg* (1908), 2 K. B. 802, where there was no regular engagement for the service, it was held that the employment of a man at intervals to clean windows was of a "casual nature" under the provisions of the British Workmen's Compensation Act. Likewise in *Cheever's case,* 219 Mass. 244, the employment of a teamster at various times to haul coal from the employer's coal yard was held to be casual under the Workmen's Compensation Act of Massachusetts, and in *Gaynor's case,* 217 Mass. 86, a similar conclusion was reached in reference to the employment of a waiter by a caterer to serve at a banquet, the engagement having no relation to any past or future hiring between the same parties. Other cases in which occasional employments were held to be casual and hence not subject to the operation of statutes providing for such exceptions are: *Md. Casualty Co. v. Pillsbury,* 172 Cal. 748; 158 Pac. 1031; *Chicago Great Western R. Co. v. Industrial Commission* (Ill.), 120 N. E. 508; *Thede Bros. v. Industrial Commission* (Ill.), 121 N. E. 172; *McLaughlin v. Industrial Board,* 281 Ill. 100; 117 N. E. 819; *Aurora Brewing Co. v. Industrial Board,* 277 Ill. 142; 115 N. E. 207; *Western Union Tel. Co. v. Hickman,* 248 Fed. 899.

The work in which the appellee's son was engaged when he received the injury which caused his death was a necessary part of his employer's business. It was a service rendered under an employment which was not limited to the hauling then in progress, but applied to every recurring occasion for such assistance during the whole of one of the annual productive periods of the employer's enterprise. Upon the facts of the case we agree with the ruling of the Court below, that the employment was not casual within the meaning of the statute, and that the appellee is entitled to compensation under its terms.

*Order affirmed, with costs and case remanded.*