(No. 12795.—Judgment reversed.)
THE CONSUMERS MUTUAL OIL PRODUCING COMPANY,
Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION
*et al.*—(CHARLES HOTALING, Defendant in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*burden is on employer to prove
employment was casual.* The burden of proof is upon the claimant
to prove the employment and the injury, but the burden rests upon
the employer to prove that the employment was but casual.

2. SAME—*definition of the word "casual."* The word "casual"
means that which comes without regularity and is occasional or
incidental.

3. SAME—*regularly recurring employment is not casual.* Where
one is employed to do a particular kind of work, which employment
recurs with regularity, and where it is probable that such recur-
rence will continue for a reasonable period of time, such employ-
ment is not casual.

4. SAME—*when employment is casual.* Where a laborer is hired
to do a particular piece of work connected with the operation of
an oil well, with the understanding that the work will require but
a few weeks, the employment is casual.

WRIT OF ERROR to the Circuit Court of Lawrence
county; the Hon. J. C. EAGLETON, Judge, presiding.

McGAUGHEY, TOHILL & McGAUGHEY, for plaintiff in
error.

GEORGE W. LACKEY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Lawrence county affirmed an award
of the Industrial Commission in favor of the defendant in
error, Charles Hotaling, for injuries received by him while
in the employment of the plaintiff in error.

It appears from the record that the defendant in error
was working for the plaintiff in error on what is known
as an oil lease near the city of Lawrenceville, Illinois; that
the accident happened on May 9, 1916, while the defendant

in error was assisting in the repair of a pump-jack used in the pumping of crude oil by the plaintiff in error; that he began work for the plaintiff in error on the 8th day of May, 1916, and was injured while engaged in the business for which he was employed by the plaintiff in error; that he had not been employed by the plaintiff in error prior to the 8th day of May, 1916, since October 9, 1914. Defendant in error was employed by F. J. Smith, the manager of said lease. Smith employed help only when he was unable to perform the services and do the work necessary in the proper management of the lease. The wages paid for the work performed by defendant in error in that vicinity were at the rate of $70 per month. The testimony of defendant in error shows that Smith told him that there probably would be three or four weeks' work and may be longer than that; that at the time of the employment nothing was said as to the amount of wages to be paid; that he was paid for the work he performed on the basis and at the rate of $70 per month; that there was no definite time fixed for the employment, other than the statement by Smith that it would be three or four weeks and may be longer. The record shows that at the time of the accident the defendant in error was repairing a jack, and while driving some nails with a hammer a portion of the nail struck him in the eye, causing total loss; that this repair work was necessary in order to carry on the usual business of producing oil. The record also shows that Smith looked after the work and was able to take care of it alone, except when certain machinery and pumps were out of repair and it was necessary to pull the wells, and then he hired extra help as needed and for no definite length of time.

The only question presented by the record is whether or not the employment of defendant in error was at the time of the injury casual. The burden of proof is upon the claimant to prove employment and injury, but the burden rests upon the plaintiff in error to prove that the employ-

ment was but casual. (*Chicago Great Western Railroad Co.* v. *Industrial Com.* 284 Ill. 573; *Peoria Terminal Co.* v. *Industrial Board*, 279 id. 352; *Victor Chemical Works* v. *Industrial Board*, 274 id. 11.) The defendant in error worked for different concerns engaged in pumping oil. He had worked for the plaintiff in error during the autumn of 1914. He was employed to assist in pulling certain wells and repairing certain pump-jacks. Smith testified that the work Hotaling was engaged to do required three or four days, and that he told Hotaling that such time would be required. It is evident from all the testimony in this record that neither party contemplated that the employment was to extend beyond the particular work of pulling certain pumps and repairing certain pump-jacks. The record shows that the wage paid for such services in that vicinity was at the rate of $70 per month, whether the employment required one day or a month. Hotaling testified that nothing was said about what the wages would be, and it is not contended that he was employed to work for a month.

The usual and ordinary definition of the word "casual" as given by standard lexicographers is, that which comes without regularity and is occasional and incidental, as contrary to the significance of its antonyms, which are, "regular," "systematic," "periodic" and "certain." As was held in *American Steel Foundries* v. *Industrial Board*, 284 Ill. 99, the mere fact that the employment is for one job, only, does not necessarily make the employment casual if the employment be for an indefinite length of time. So where a woman was employed to do a particular work on Friday of each week her employment was held to be not casual. (*Dewhurst* v. *Mather*, 1 B. W. C. C. 328.) In *Shaeffer* v. *DeGrotola*, 85 N. J. L. 444, a workman was employed to shave skins at so much per dozen, and it was held that as the contract of employment showed an intention to give employment in the employer's business without limit as to time, the employment was not casual. In *Sabella* v. *Brazeleirs*,

6 Neg. & Comp. Cas. Ann. (N. J.) 958, the injured employee was a longshoreman who had frequently been employed by respondent to load and unload ships. He was injured while loading a ship. That class of work was not constant, depending upon whether there was a ship in port, but the employee was one of a class of stevedores and had been frequently called upon by the employer and had reasonable expectation of the regular recurrence of such employment in the future. The employment in that case was held to be not casual.

While each case must be largely decided upon its own facts, we believe the legislature intended that where one is employed to do a particular kind of work, which employment recurs with regularity, and where there is a reasonable ground that such recurrence will continue for a reasonable period of time, such employment is not casual. On the other hand, where the employment for one job can not be characterized as permanent or periodically regular but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous, it is casual. Applying this rule to the employment of defendant in error, we are of the opinion that such employment was casual. He had not been employed by the plaintiff in error for nearly two years. The work he was to assist in doing was a particular and certain piece of work, which both he and his employer knew would require but a short time. There was nothing in the contract of employment nor in the relations of these parties, then or prior to that time, shown by the evidence, which would indicate that such employment was to be either continuous or recurring.

The Industrial Commission erred in holding that recovery could be had under the Workmen's Compensation act, as also did the circuit court. The judgment of the circuit court is therefore reversed. *Judgment reversed.*