(No. 14009.—Judgment reversed.)

CHARLES A. SMITH & Co., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANCES PAWELEZYK, Admx. Defendant in Error.)

*Opinion filed October 22, 1921.*

1. WORKMEN'S COMPENSATION—*definition of the word "casual."* The word "casual" ordinarily means that which comes without regularity and is occasional, as distinguished from its antonyms, which are "regular," "systematic," "periodic" and "certain."

2. SAME—*when an employment is casual.* An employment for one job is casual, under the Compensation act of 1913, when it cannot be characterized as permanent or periodically regular but occurs by chance, or with the intention and understanding on the part of both employer and employee that it shall not be continuous.

3. SAME—*when workman is casually employed to unload lumber.* A workman who is injured while unloading a car of lumber for a person who is not his regular employer is but casually employed, within the meaning of the Compensation act of 1913, although he had done such work for the employer at various times when he had nothing else to do but without any arrangement that he should help to unload cars whenever they came in.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM E. RAFFERTY, for plaintiff in error.

ROYAL W. IRWIN, and EWART HARRIS, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

On December 2, 1915, John Murowski was injured while employed by plaintiff in error in unloading a car of lumber and he applied to the Industrial Commission for compensation. The arbitrator awarded compensation in the sum of six dollars per week for a period of eleven weeks for temporary total incapacity and a further sum of six dollars per week for a period of twenty weeks for the loss of one finger of his right hand. On appeal this award was confirmed by the Industrial Commission, and later by the circuit court of Cook county. Murowski having died, Frances Pawelezyk, the defendant in error, was appointed administratrix of his estate.

Murowski was a moulder by trade and was not regularly employed by plaintiff in error, and its sole contention is that the work of Murowski was casual and not regular.

Section 5 of the Workmen's Compensation act, as it read when the injury occurred, is in part as follows: "The term 'employee' as used in this act shall be construed to mean * * * every person in the service of another under any contract of hire, express or implied, oral or written, * * * but not including any person whose employment is but casual or who is not engaged in the regular course of trade, business, profession or occupation of his employer."

The ordinary definition of the word "casual" is, that which comes without regularity and is occasional, as distinguished from its antonyms, which are "regular," "systematic," "periodic" and "certain." Where the employment for one job cannot be characterized as permanent or periodically regular but occurs by chance, or with the intention and

understanding on the part of both employer and employee that it shall not be continuous, it is casual. *(Consumers' Oil Co.* v. *Industrial Com.* 289 Ill. 423.) In this case the testimony of the applicant, Murowski, was: "I just came through there [referring to the plaintiff in error's lumber yard] and he asked me if I wanted to work; I had been working for the Chicago Stove Works for years and years." He also testified that he had worked for the plaintiff in error ten or fifteen times on different occasions for a day or two and sometimes half a day. It is evident from the record that Murowski's employment by plaintiff in error was not regular but occurred by chance. There is no evidence of any arrangement between him and plaintiff in error that he should have the work of helping to unload cars whenever they came in, but on those instances when he did work for plaintiff in error it was because he happened to be out of employment and was called upon to help on that particular job.

Defendant in error contends that this case comes within the case of *Sabella* v. *Brazileiro,* 86 N. J. L. 505. With this we cannot agree. In that case the employee was one of the class of stevedores who held themselves ready to respond when called upon. That was their regular business, and the evidence showed that the work in which the employee was engaged at the time of his injury was work in which he was regularly employed; that it was understood that he was to hold himself ready for such employment. There is no evidence here that such was the case, so far as Murowski was concerned.

We are of opinion that under the rule laid down in this State the employment of Murowski was casual. The judgment of the circuit court affirming the award will therefore be reversed.                                    *Judgment reversed.*