CHARLES POOLER'S CASE.

Somerset.    Opinion November 3, 1922.

*Claimant under the Workmen's Compensation Act in order to be entitled to compensation must show that at the time of injury he was engaged in the kind of work at the place specified in the written acceptance filed by the employer with the Industrial Accident Commission.   If injured while engaged in labor resulting from an emergency, that is, not regular work, but work of a temporary nature, required as a result of some unexpected occurrence, he is not entitled to compensation, as he comes within the exception specified in Sec. 4, Chap. 238, of Public Laws of 1919, as a casual employee.*

In the instant case the issues being determined by the Commission upon facts undisputed, are questions of law, open to review.

The employment was casual.   An emergency arose and the opposite of regular business occurred.   The unexpected had happened.   An emergency crew was hired, and when the emergency ceased their labor ceased.   In such emergency employment of labor to meet the same is and must be casual.

On appeal.    This is a proceeding under the Workmen's Compensation Act to recover compensation for an injury sustained by claimant while engaged in unloading pulp wood from a freight car at Fairfield on the 29th day of January, 1921, by dropping a stick of wood on his toe.

In defense the respondents contended that at the time of the injury claimant was not engaged in work specified in the written acceptance filed by the employer with the Industrial Accident Commission, nor at the place designated therein.   Upon a hearing the chairman of the Industrial Accident Commission granted compensa-

tion and respondents appealed from the decree of the sitting Justice affirming the findings of the Commission.   Appeal sustained.   Decree of sitting Justice reversed.   Petition dismissed.

The case is stated in the opinion.

*Carl A. Blackington,* for claimant.

*Robert Payson and Perkins & Weeks,* for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J.   This case arises under the Workmen's Compensation Act (R. S., Chap. 50), Public Laws, 1919, Chapter 238, and comes before the court upon an appeal by the employer and insurance company from a finding of the Industrial Accident Commission in favor of the petitioner.

The petitioner alleged:

First, "that on the fifth day of February, 1921, while working as a laborer in the employ of Frank Sawyer at Fairfield, Maine, I received a personal injury by accident arising out of and in the course of my employment.

Second, "Said accident happened as follows:   Heavy wood falling on my foot.

Third, "which resulted in an injury as follows:   Crushed toe which afterward became infected."

It is not controverted that an accident occurred resulting in injury to the petitioner, but the respondents in defense urge that, 1, "the claimant was not at the time of the alleged accident an employee of said Frank S. Sawyer, nor was he working under the direction and control of said Sawyer.

2.   "Said Frank Sawyer is an assenting employer under the Workmen's Compensation Act for a saw mill in the city of Ellsworth, Maine, as appears from the written assent on file with your Commission, and the alleged accident occurred, if at all, while said claimant was handling pulp wood in the town of Fairfield, Maine.

3.   "Claimant's employment was but casual, if he was employed by said Frank S. Sawyer, which as above stated is denied."

Upon the issues raised the Commission found, "that Charles Pooler was at the time of the accident an employee of Frank S.

Sawyer as defined by subsection 11 of Section 1 of the Workmen's Compensation Act, and further that Frank S. Sawyer was an assenting employer as to Mr. Pooler."

The issues so determined by the Commission upon facts undisputed, are questions of law, open to review by this court.

The employer on March 22, 1920, was a manufacturer of laths at Ellsworth, and on that day obtained liability insurance for one year. On April 1, 1920, he filed an acceptance with the Commission, and certificate was issued April 6, 1920. The written acceptance was dated at Ellsworth, March 26, 1920, and contained the following:

"Average number of employees, 20; male 20.

"Location of Employment, Ellsworth, Maine.

"Nature of employment, Saw Mill."

The employer also filed with the Commission a copy of the Universal Standard Workmen's Compensation Policy, containing the following:

"3. Location of all factories, shops, yards, buildings, premises or other work places of this Employer, by Town or City, with Street or Number, Ellsworth, Maine, and elsewhere in the State.

"1 (a) Saw mill for laths. $3,000. 4.20 $126.00

"Estimated advance premium $126."

The testimony shows that $3,000 was the estimated cost of labor in and about the mill business at Ellsworth, and at no other place although the employer manufactured laths in other places from time to time, and as to such manufacturing he was an assenting employer, and the contract of insurance had in contemplation the manufacture of laths at other points outside of Ellsworth if the employer so desired, but did not have in contemplation the assumption of liability for an injury arising from any business of the employer not connected with or incident to the manufacture of laths, either at Ellsworth or any other point in Maine.

The defendant, Frank S. Sawyer, was engaged in other business at various points, in buying and selling pulp wood and other timber, and in buying and selling land; but in compliance with R. S., Chap. 50, Sec. 3, Public Laws, 1919, Chap. 238, Sec. 3, he "specified the business in which he is engaged and concerning which he desires to come under the provisions hereof." He was admittedly engaged in buying and selling pulp wood at the date of injury claimed by petitioner. So far as the case shows, it was at that date his only business,

the lath business having been discontinued for many months. The pulp wood contract involved did not comprehend any delivery or work at Ellsworth or Fairfield. An emergency due to some unexplained cause aside from expense of demurrage compelled the respondent to unload and yard certain pulp wood at Fairfield. For this purpose he sought the aid of a friend who employed the petitioner and others to unload the same, and while the petitioner was so employed, the unfortunate accident occurred. The employment was casual. As has been seen, an emergency arose and the opposite of regular business occurred and persisted. A situation developed in which all effort in relation to the pulp wood must be casual. The unexpected had happened. An emergency crew was hired, and when the emergency ceased their labor ceased. In such emergency, employment of labor to meet the same is and must be casual. The occurrence was not a part of the usual, orderly and normal conduct of the pulp wood business, in which such employment would bind respondents, even if Charles Pooler had been an assenting employer as to the pulp wood business. *Fournier's Case*, 120 Maine, 191.

Subsection 11 of Section 1 of the Workmen's Compensation Act, to which the chairman of the Commission refers as the basis of his finding of law, provides that " 'Employee' shall include every person in the service of another under any contract of hire, express or implied, oral or written, except: (a) farm laborers; (b) domestic servants; (c) masters of and seamen on vessels engaged in interstate or foreign commerce; (d) persons whose employment is but casual, or is not in the usual course of trade, business, profession or occupation of his employer." . . . .

It is clear from the undisputed facts that the finding is erroneous, and therefore cannot stand. Petitioner's employment was casual within the meaning of subsection 11 of Section 1 of the Workmen's Compensation Act. "Casual" is the antonym of "regular," "systematic," "periodic" and "certain." In re *Gaynor*, 217 Mass., 86. In re *Cheevers*, 219 Mass., 244; *Callahan* v. *Montgomery*, Penn. Sup. Ct., 115 Atl., 889, and cases cited. See *Smith* v. *Boiler Company*, 119 Maine, 552. *Guy L. Mitchell's Case*, 121 Maine, 455.

> *Appeal sustained.*
> *Decree of sitting Justice reversed.*
> *Petition dismissed.*