FAY H. CHAMBERLAIN *v.* CENTRAL VERMONT RAILWAY CO.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Master and Servant—Workmen's Compensation Act—Jurisdiction—When Supreme Court Will Examine Evidence To Determine Jurisdiction—Purely Casual Employment.*

1. In proceeding under Workmen's Compensation Act, question whether person seeking compensation for injury was an "Employee" within meaning of G. L. 5758, subsection I, is jurisdictional, and if claimant was not "employee," commissioner of industries thereby being without original jurisdiction, Supreme Court would have no jurisdiction on appeal.

2. Though findings of fact by commissioner of industries in proceedings for compensation under Workmen's Compensation Act, if legally supported by evidence, are ordinarily binding on Supreme Court, where question of commissioner's jurisdiction is involved, and certified copy of all evidence before him is made part of record on appeal, Supreme Court will examine evidence in determining question of jurisdiction.

3. In determining whether employment was "purely casual," within meaning of Workmen's Compensation Act (G. L. 5758, subsection II), contract for service is thing to be analyzed.

4. Employment of farmer by independent contractor to help saw wood and load it into cars at a stipulated price per cord, but for no definite term, *held* purely casual within meaning of Workmen's Compensation Act (G. L. 5758, subsection II), providing that term "workman," or "employee," shall not include a "person whose employment is purely casual," so that commissioner of industries was without jurisdiction in proceedings for compensation. and his award therein without authority in law and void.

APPEAL from findings of fact and order of commissioner of industries awarding compensation, to Supreme Court, Lamoille County. The defendant, Central Vermont Railway Co., appeals.

The opinion states the case.    *Order vacated, award set aside, and claim dismissed.*

*J. W. Redmond* and *Horace H. Powers* for the defendant.

Under Workmen's Compensation Act whether employment is "purely casual" depends not so much upon nature of the work preformed as upon the nature of the contract of employment. *W. U. Tel. Co.* v. *Hickman,* 248 Fed. 899; *Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142, 115 N. E. 207; *Scully* v. *Industrial Commissioner,* 284 Ill. 567, 120 N. E. 492; *Callihan* v. *Montgomery* (Pa.), 115 Atl. 889; Gaynor's Case, 217 Mass. 86.

Plaintiff's employment at time of his injury was "purely casual," so he was not an "employee" or "workman" within the meaning of the Workmen's Compensation Act.    G. L. 5758; *Gaynor's Case, supra; Cheever's Case,* 219 Mass. 244; *Kind's Case,* 220 Mass. 290; *Charles* v. *Harmon* (Me.), 118 Atl. 417; *Aurora Brewing Co.* v. *Industrial Board, supra; Dyer* v. *James Black, etc., Co.* (Mich.), 158 N. W. 959; *McLaughlin* v. *Industrial Board,* 280 Ill. 100, 117 N. E. 809; *Baer's Express & Storage Co.* v. *Industrial Board,* 282 Ill. 44, 118 N. E. 412; *Callighan* v. *Montgomery, supra; Chicago, etc., R. R. Co.* v. *Industrial Commission,* 284 Ill. 573, 120 N. E. 508; *Maryland Casualty Co.* v. *Pillsbury,* 172 Cal. 748, 158 Pac. 1031; *McGrath* v. *Penn. Sugar Co.* (Pa.), 127 Atl. 789; *Blood* v. *Industrial Accident Commission,* 30 Cal. 274, 157 Pac. 1104; *Augustine* v. *Cotter,* 2 Cal. Industrial Comm. 59; *Laspada* v. *Public Service Ry. Co.,* 38 N. J. Law, 102; *Ray* v. *Commercial Acid Co.* (Mo. App.), 227 S. W. 851; *Herbig* v. *Walton Auto Co.* (Iowa), 182 N. W. 204; *Blake* v. *Wilson* (Pa.), 10 Atl. 126; *Consumers', etc., Co.* v. *Industrial Commission* (Ill.), 124 N. E. 608; *Bridger* v. *Lincoln Feed & Fuel Co.,* 105 Neb. 222; *Diamond Livery* v. *Industrial Commission,* 289 Ill. 591, 124 N. E. 609; *Thede Bros.* v. *Industrial Comm.,* 285 Ill. 483, 121 N. E. 172; *Porter* v. *Mapleton, etc., Co.,* 191 Iowa, 1031; *Pooler's Case,* 122 Me. 11, 118 Atl. 590; *Cousineau* v. *Black,* 206 Mich. 479.

Burden was on plaintiff to show that his employment came within Workmen's Compensation Act.    *Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt. 50; *King's Case,* 220 Mass. at page 293.

*W. E. Tracy* for the plaintiff.

Employment in which plaintiff was engaged could not be regarded as casual, because it was at regular intervals each year, even though but for a short time. *Sabella* v. *Braziliero*, 86 N. J. Law, 505, 91 Atl. 1032; *Scott* v. *Paine Bros., Inc.*, 85, N. J. Law, 446, 89 Atl. 927.

STATEMENT BY CHIEF JUSTICE WATSON. The defendant in this action, a common carrier of passengers and freight, in the summer of 1926, let a job to Cassius Hurlburt of the town of Cambridge, this State, to saw at Cambridge 160 cords of four-foot wood (purchased by defendant of another person) into 12-inch lengths and load the same on cars at that place, for which he was to be paid and was paid the sum per cord, conceded below. On August 17, 1926, while claimant was working under employment by Hurlburt, assisting him in said work required to be done by him under his said contract with the railway company, claimant was accidentally injured. This accident occurred on the second day claimant worked there, and it arose out of and in the course of the work of his employment.

Acting under the Workmen's Compensation Act, the claimant instituted proceedings before the commissioner of industries, as an employee of the defendant railway company within the meaning of the provisions of that act set forth in G. L. 5758, subsection I.

The commissioner, after hearing the matter, made his award of compensation in favor of claimant, setting forth his findings of fact and the law applicable thereto, according to his views in the premises.

In the hearing there had, claimant by his attorney conceded that Hurlburt "was an independent contractor." And the railway company by its attorney conceded that it bought this wood of a certain man (named) of the town of Cambridge, and intended to use it to heat its stations on the Burlington-Lamoille road in the spring and fall; that there were 162 cords of it which Hurlburt sawed under the contract mentioned, and was to get $1.75 per cord; that it was necessary for the company to heat its stations and the wood was being prepared for that use; and that the company is a common carrier, etc. The case comes here on defendant's appeal.

WATSON, C. J. The record shows the facts found by the commissioner of industries, and his order awarding compensa-

tion in favor of the claimant.   It further shows that after said findings and order were filed, and the defendant proposed to take an appeal therefrom, the parties by their attorneys of record, agreed in writing filed in the case, that a transcript of all the evidence and proceedings in said matters before the commissioner, certified by the stenographer who took the same, "shall be treated as a part of said findings of fact and order, and shall be treated by the Supreme Court as a part of the record on appeal." After this was filed the appeal was taken, which states that the "appellant claims that as matter of law, neither said findings of fact nor said order is warranted by the evidence."

[1]   One reason given in appellant's brief why the grounds set forth in the appeal should be sustained, is that the claimant's employment at the time of his injury was "purely casual," and consequently he was not an "employee," or "workman" (terms synonymously used) within the meaning of the Workmen's Compensation Act.   This involves the jurisdiction of the commissioner of industries, for if the claimant was not an "employee" within the meaning of that act, the case did not come under the provisions of that statute.   It would necessarily follow from such circumstances that the commissioner was without original jurisdiction of the subject-matter, and if he had no such jurisdiction, this Court has no jurisdiction on appeal.   *Mathewson* v. *Mathewson,* 81 Vt. 173, 69 Atl. 646, 18 L. R. A. (N. S.) 300; *Barton* v. *Sutton,* 93 Vt. 102, 106 Atl. 583.

[2]   While findings of fact by the commissioner in such proceedings are ordinarily binding upon this Court, if legally supported by evidence (*Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt. 50, 113 Atl. 818), yet an exception to this is made where as here the question of the commissioner's jurisdiction is involved, and a certified copy of all the evidence before him is made a part of the record on appeal.   In these circumstances the court will examine the evidence in determining the question of his jurisdiction.   *Thede Bros.* v. *Industrial Commission,* 285 Ill. 483, 121 N. E. 172; *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316, 118 N. E. 767.

In the instant case, only two witnesses (the claimant and his direct employer, Cassius Hurlburt) were used at the hearing before the commissioner, and their testimony, now a part of the record before us, was all the evidence introduced by either party

at that hearing. The evidence thus given was short, and without conflict therein. The claimant, testifying in his own behalf, stated that he lived in the town of Cambridge; that in August, 1926, he was working for Cassius Hurlburt who, at that time, was sawing wood and putting it on the cars; that it was four-foot wood, and he "was handling it on to the saw"; that on August 17, while working under such employment, he received an injury, "two fingers were cut off, the first and middle fingers"; that when so working he was getting four dollars a day for his services; that for twelve weeks prior to the time of his injury he was working on his farm. In cross-examination he testified that he was injured the second day he worked; that his business was that of a farmer, lived on a farm and owned it; that his farm has about three hundred acres, and he had forty-five or fifty head of stock. "Q. You were sawing this wood as a sort of casual employment? A. I went because Mr. Hurlburt came and asked me to help him."

Hurlburt testified that he lived in the town of Cambridge; that in August, 1926, he had a contract with the Central Vermont Railway Company, whereby he took a job of the company to saw 160 cords of wood and put it aboard the train at $1.75 per cord; that during the week of August 17, Chamberlain (claimant) worked for him, for which witness was to pay him four dollars per day; that on the second day of working, Chamberlain had an accident, cutting off two fingers on the saw, etc.

The foregoing was all the evidence in the case bearing on the question of claimant's contract with Hurlburt, under which he was working at the time of his injury, and whether his employment was "purely casual," or otherwise.

In the respect particularly under discussion, the Workmen's Compensation Act of this State is essentially like that of the States of Massachusetts, Illinois, Michigan, West Virginia, Iowa (as it now is), and some others not here mentioned. It is of more than usual importance to notice such likeness and the construction given in those states, because of the express requirements of the statute of this State against strict construction, and that its provisions "shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it."

By G. L. 5758, subsection II, "workman" and "employee" are defined "to mean a person who has entered into the employ-

ment of, or works under contract of service or apprenticeship with, an employer, but not to include a person whose employment is purely casual or not for the purpose of the employer's trade or business," etc.   The concluding part of this quotation beginning with the word "but" is an exception to the general description of persons in the preceding part, designated as "workman" and "employee."   As this part of the excepting clause contains the disjunctive "or," if the claimant was within either condition there specified, he was not an "employee" within the meaning of that act, and so not in its scope of operation.

[3]   In determining whether, in the instant case, the employment was "purely casual" the contract for service is the thing to be analyzed.   *Gaynor's Case*, 217 Mass. 86, 104 N. E. 339, L. R. A. 1916A, 363; *Aurora Brewing Co.* v. *Industrial Board*, 277 Ill. 142, 115 N. E. 207; *Western Union Tel. Co.* v. *Hickman* (W. Va. statute), 248 Fed. 899, 161 C. C. A. 17; *Callihan* v. *Montgomery*, 272 Pa. 56, 115 Atl. 889.

The exception in the Iowa compensation statute (Code 1924, § 1421 [a]), like that in our statute, uses the words "purely casual," but in more states the words so used are "but casual," and in some "casual employee" or "casual employment."   Yet they are all of the same class, equivalent in meaning, and relate to the contract of service.   There is another class, patterned after the English Act, in which the exception is of persons whose employment is "of a casual nature" or words to that effect.   In the latter class the determinative point is held to be, not the contract of service, but the nature of the service rendered.   Of this class are the statutes of several states, including Rhode Island and Connecticut.   See *Thompson* v. *Twiss*, 90 Conn. 444, 97 Atl. 328, L. R. A. 1916E, 506.

It is generally held in those jurisdictions where statutes of this character obtain, having an exception substantially like the one under consideration, that the word "casual" as therein used, should receive its ordinary, common meaning.   This, according to one definition given in Webster's New Int. Dict., is "coming without regularity; occasional; incidental";—thus distinguishing from that which is "regular, systematic, periodic, and certain."

Adverting to the evidence and inferences fairly to be drawn therefrom, we have seen that there was no controversy as to the facts.   It uncontrovertably appears that the claimant, whose

business was that of a farmer, was, at the time of his injury, under employment by Hurlburt, an independent contractor, to help him in doing work he had contracted with defendant company to do, by way of sawing the wood mentioned and putting the same on board cars at a stipulated price per cord. How the claimant happened to be working under such employment is shown by his own testimony where he says, ''I went because Mr. Hurlburt came and asked me to help him.'' Compensation for his services was to be a specified sum per day. On the second day of working there, and in performing the work of his employment, he received the injury stated. There was nothing before the commissioner indicating how long the sawing job was likely to last, nor that claimant was employed to work for any definite time, or until it was finished. There was no evidence tending to show that he was under obligation to continue such work any longer than he should choose, which at longest could be only until the completion of the job. Certainly that one job cannot be considered as permanent, nor as something which would recur at the end of regular periods or ever. And both Hurlburt and the claimant must have understood that the latter's said employment could not, in the nature of things, be continuous. In *Consumers' Mut. Oil Production Co.* v. *Iudustrial Commission*, 289 Ill. 423, 124 N. E. 608, it appeared that while the employer, an Oil Producing Company, was having the assistance of the employee in the repair of a pump jack used in the pumping of crude oil by the company, the employee was injured; that there was no definite time fixed for the employment, other than the statement of the manager of the employer's business to the employee at the time of the employment, that it would probably be three or four weeks, and may be longer. The only question presented by the record was whether or not the employment of the employee at the time of the injury was but casual. The court said: ''While each case must be largely decided upon its own facts, we believe the Legislature intended that, where one is employed to do a particular kind of work, which employment recurs with regularity, and where there is a reasonable ground that such recurrence will continue for a reasonable period of time, such employment is not casual. On the other hand, where the employment for one job cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and

employee that it shall not be continuous, it is casual.'' The rule here quoted was applied to that case, the holding being that the employment was casual, the court further saying in that connection—we quote it because of the great similarity in circumstance to the case at bar—''The work he was to assist in doing was a particular and certain piece of work, which both he and his employer knew would require but a short time. There was nothing in the contract of employment nor in the relation of these parties, then or prior to that time, shown by the evidence, which would indicate that such employment was to be either continuous or recurring.'' The reasoning and conclusion in that case on the question of casual employment, was closely followed by the same court in the later case of *Charles A. Smith & Co.* v. *Industrial Commission,* 299 Ill. 377, 132 N. E. 470. Other cases involving the same general question, with like holdings, are the following: *Gaynor's Case, supra; Cheever's Case,* 219 Mass. 244, 106 N. E. 861; *King's Case,* 220 Mass. 290, 107 N. E. 959; *Western Union Tel. Co.* v. *Hickman, supra; Herbig* v. *Walton Auto Co.,* 191 Iowa, 394, 182 N. W. 204; *Porter* v. *Mapleton Electric Light Co.,* 191 Iowa, 1031, 183 N. W. 803; *Pooler's Case,* 122 Me. 11, 118 Atl. 590; *Cousineau* v. *Black,* 206 Mich. 479. 173 N. W. 203.

[4]    We think it clear that the employment of the claimant was purely casual at the time of his injury and that he was not an ''employee,'' within the meaning of the Workmen's Compensation Act. This being so, the alternative condition in the exception is immaterial and not considered. It follows that the commissioner of industries was without jurisdiction of the subject-matter, and that his award is without authority in law and void.

The same result was reached on the alternative condition in the exception, in *Packett* v. *Moretown Creamery Co.,* 91 Vt. 97, 99 Atl. 638, L. R. A. 1918F, 173, and in *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449, 129 Atl. 311, recently decided, where the plaintiff, a minor, was held to have been employed in defendant's mill in violation of the statute regulating child labor, and that since she ''was not an 'employee' within the true intent and meaning of the Workmen's Compensation Act, she was not subject to the provisions thereof, nor was the remedy there provided applicable in seeking damages for the injuries suffered.'' And it was further there held that the rule of liberal construction does not

extend "the provisions of a statute to purposes and objects outside of and beyond those mentioned by it."

*Order vacated, award set aside and claim dismissed with costs. Let the judgment be certified to the commissioner of industries.*