STATE EX REL. CITY OF NORTHFIELD v. DISTRICT COURT
OF RICE COUNTY AND ANOTHER.[1]

December 10, 1915.

Nos. 19,633—(250).

**Workmen's Compensation Act — actual notice of employer.**

1. The Workmen's Compensation Law is remedial in its nature and must be given a liberal construction to accomplish the purpose intended. Relator's mayor and street commissioner had actual knowledge of the injury to the respondent immediately after the occurrence thereof. The knowledge of the mayor is the knowledge of the city. *Held* that, where the employer has actual knowledge of the occurrence of the injury, the injured employee is not required to give a written notice thereof.

**Act applicable.**

2. An employee of the city of Northfield was injured while loading gravel used by the city for improving and repairing its streets. Though the employment may have been casual, it was in the usual course of the business of the city and the Workmen's Compensation·Law applies.

Upon the relation of the city of Northfield this court granted its writ of *certiorari* directed to the district court of Rice county and Hon. Arthur B. Childress, judge thereof, to review the action of the court in the matter ·of compensation for injuries of Christ Johnson, employee, against the city of Northfield, employer. Affirmed.

*Charles R. Pye,* for relator.

*Mohn & Mohn,* for respondents.

[1]Reported in 155 N. W. 103.

_____

Note.—As to necessity of notice of accident and claim for compensation under workmen's compensation acts, see note in L.R.A. 1916A, 83, 244.

As to what injuries are within protection of workmen's acts, see note in L.R.A. 1916A, 227 et seq.

SCHALLER, J.

On July 17, 1914, Christ Johnson, a laboring man, was working for the city of Northfield, Minnesota. He was loading wagons with gravel for use in improving and repairing the streets of the city. His wages were two dollars per day, payable every Saturday. He had resided in Northfield more than 30 years, had worked for the city off and on during a great part of that time; he began work the last time on July 13, 1914.

On July 17, 1914, he was injured in a cave-in, the result being a compound fracture of the left leg. He was immediately taken to the mayor's place of business. The mayor and the street commissioner saw his injuries, ascertained when and how he was injured and caused him to be taken to his home. Both officials did all in their power to relieve and assist the injured man. The street commissioner accompanied him to his home, and a doctor was promptly called to attend him. The bill for the doctor's services was subsequently paid by the municipality.

No written notice of the injury was ever served upon the city. On April 10, 1915, Johnson instituted proceedings against the city in the district court of Rice county to recover compensation under the provisions of chapter 467, p. 675, Laws 1913,[1] generally known as the "Workmen's Compensation Act." The city denied liability. The proceedings resulted in a judgment against the city, which brings the matter to this court by *certiorari*.

The assignments of error present two questions: (1) That written notice as required by the act was not given; (2) that Johnson's employment was merely casual.

1. "The Workmen's Compensation Act is remedial in its nature and must be given a liberal construction, to accomplish the purpose intended." State v. District Court of St. Louis County, 128 Minn. 43, 150 N. W. 211. With this principle as a guide we proceed to the consideration of the questions raised herein.

This is not a case in which a written notice of the injury would be of any assistance to the employer. Relator's mayor and street commissioner were informed immediately after the accident that respond-

[1][G. S. 1913, §§ 8195-8230.]

131 M.—23.

ent, whom they knew, had received an injury (which they saw) while in the employment of and working for the city.

The record presents a case of actual knowledge by the employer of the occurrence of the injury. The knowledge of the mayor is the knowledge of the city. The statute does not require a written notice where the employer has actual knowledge. G. S. 1913, § 8213. State v. District Court of St. Louis County, 129 Minn. 423, 152 N. W. 838.

2. This is not one of the cases excepted from the compensation act. Johnson was engaged to work for the city at the wage of two dollars per day, payable every Saturday. He was not hired for any specified length of time. His employment might continue a day or a week or several weeks or months. It may or may not have been casual; this we do not decide. Sabella v. Brazileiro, 86 N. J. Law, 505, 91 Atl. 1032, affirmed 94 Atl. 1103.

Respondent, when injured, was loading gravel for use in repairing and improving the streets of his employer, the city. That part of the compensation law relating to excepted cases, so far as is here material, reads as follows: * * * "Nor shall the provisions of this act apply to actions or proceedings to recover damages or compensation for personal injuries sustained by domestic servants, farm laborers, or persons whose employment at the time of the injury is but casual *and not in the usual course of the trade, business, profession or occupation of his employer.*" * * (Italics ours.) G. S. 1913, § 8202 (Laws 1913, p. 677, c. 467, § 8).

The language of the statute leaves no room for construction. Though casual, if the employment is in the usual course of the business of the employer, the compensation act applies. The Minnesota act in this respect is modeled on the British Workman's Compensation Law which has been similarly construed. 1 Bradbury, Workman's Compensation Law (2d ed.) 136, et seq.

Part of the business of a municipal corporation is the improvement and repair of its public streets. Respondent, when injured, was an employee of the relator and was engaged in this work. The compensation act applies.

Judgment affirmed.