# FRANK WORKMAN v. HERMAN ENDRISS.[1]

## July 11, 1925.

## No. 24,633.

**Plaintiff's remedy for injuries in course of his employment under compensation act.**

Plaintiff sustained injuries which arose out of and in the course of his employment. Although he may have been a casual employe, his employment was in the usual course of the employer's business, and his remedy is under the Workmen's Compensation Law. An action at law will not lie.

See Workmen's Compensation Acts, C. J. pp. 51, § 43, 133, § 153.

---

See notes in L. R. A. 1916A, pp. 120, 247, 365; L. R. A. 1917D, 147; L. R. A. 1918F, 202; 15 A. L. R. 736; 28 A. L. R. 1229; 28 R. C. L. pp. 766 et seq.; 4 R. C. L. Supp. 1848; 5 R. C. L. Supp. 1561.

Action in the district court for Hennepin county to recover for personal injuries. The case was tried before Dickinson, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*John A. Nordin,* for appellant.

*Snyder, Gale & Richards,* for respondent.

TAYLOR, C.

Action for personal injuries. At the conclusion of the evidence, the court directed a verdict for defendant on the ground that plaintiff's sole remedy was under the Workmen's Compensation Act. We think this ruling was correct.

Defendant, under the name of Peerless Scale Company, was engaged in the business of placing and operating automatic machines such as weighing machines and post-card, gum and other vending machines, and had a hundred or more placed in various localities

[1]Reported in 204 N. W. 641.

at Minneapolis and other places. Frequent repairs were necessary to keep these machines in proper working order. For some time prior to the dates in question defendant had employed one Carter to do his repairing, but Carter was unable to do it at this time. Plaintiff was a friend of Carter, and had worked for some years in a shop which manufactured such machines, and was familiar with repairing them, and had previously repaired machines for defendant. Defendant employed plaintiff at Carter's shop in Minneapolis to go with him on a trip for the purpose of repairing the machines out of order. They were to go the next morning, but it was stormy and the trip was postponed. Defendant gave plaintiff some cards and told him to place some machines and he would pay him one dollar for each machine placed. Two days later, January 20, 1922, they started on their trip in defendant's automobile, defendant driving. They visited some machines in Minneapolis, then went to Hopkins, from there to Mound, from there to Spring Park and from there to Wayzata. Plaintiff repaired machines at the various places. From Wayzata they started for Minneapolis over an icy and rutty road, and on the way the automobile was overturned, causing the injuries for which plaintiff seeks to recover.

We think it clearly appears that the injuries arose out of and in the course of his employment within the meaning of the compensation act. See cases cited in section 5854E, 1916 and 1921 Supplements to Dunnell's Digest.

Although plaintiff's employment may have been casual, it was in the usual course of the business of his employer, and he was therefore within the compensation act. State ex rel. v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. v. District Court, 138 Minn. 103, 164 N. W. 366; State ex rel. Nienaber v. District Court, 138 Minn. 416, 165 N. W. 268, L. R. A. 1918F, 200; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106.

The order denying a new trial is affirmed.