AUGUST H. BOSEL v. HENDERSON HOLDING COMPANY.[1]

April 9, 1926.

No. 25,257.

**Finding sustained that injured man was an employe.**

    1. Respondent *held* an employe and not an independent contractor.

**When casual employment is subject to operation of compensation act.**

    2. Employment though casual, and not otherwise excepted from the operation of the Workmen's Compensation Act, *held* subject thereto if within the "usual course of the trade, business * * * or occupation" of the employer.

Workmen's Compensation Acts, C. J. p. 50 n. 63; p. 51 n. 69.

---

See note in 15 A. L. R. 742; 28 R. C. L. p. 761; 4 R. C. L. Supp. p. 1846; 5 R. C. L. Supp. p. 1560.

See notes in L. R. A. 1916A, pp. 120, 247, 365; L. R. A. 1917D, 147; L. R. A. 1918F, 202; 15 A. L. R. 735; 28 A. L. R. 1229; 33 A. L. R. 1452; 28 R. C. L. p. 766; 4 R. C. L. Supp. p. 1848; 5 R. C. L. Supp. p. 1561.

Certiorari to review an award of compensation by the Industrial Commission in a proceeding under the Workmen's Compensation Act. Writ discharged.

*Francis Cadwell* and *Young & Quandt*, for relator.

*Devaney & Edwards* and *R. V. Gleason*, for respondent.

STONE, J.

Certiorari to review an award of compensation by the Industrial Commission. The award is attacked by the employer upon the grounds that respondent, at the time of his injury, was an independent contractor and not an employe, and that in any event the employment was casual and not in the usual course of the trade or business of the employer.

[1]Reported in 208 N. W. 421.

At the time of his injury respondent was engaged in painting the roof of a factory building owned by relator. He was doing all of the work himself. He used his own brushes but the paint was furnished by relator. There was no express agreement concerning compensation or the duration of the work and no express undertaking on respondent's part to finish the job. Relator's representative simply "took [him] down one day" and showed respondent what was to be done. He was told what to paint; that there was a barrel of paint on hand and that relator would furnish additional paint when needed. There was no conversation "with reference to a contract for * * * this particular piece of work." Respondent simply went to work and says that relator "could have told me to quit any time. I had no contract whatsoever."

Everything else aside, it is thus clear that, as to the manner of doing the work, respondent was under the control of relator. At least the record is such as to sustain that conclusion as a finding of fact. As such, it has been made by the Industrial Commission and we cannot disturb it. An important "test of the relationship [of an independent contractor] is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." Carleton v. Foundry & M. P. Co. 199 Mich. 148, 165 N. W. 816, 19 A. L. R. 1141. See also Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; 26 Cyc. 1520; Dun. Dig. § 5835. The case is clearly open to the view that respondent was under the control of relator. Therefore, the finding that respondent was an employe rather than an independent contractor cannot be disturbed. Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009.

We must resolve against relator its claim that respondent's employment was "casual, and not in the usual course of the trade, business, profession or occupation of his employer." Section 4268, G. S. 1923. In order to claim successfully the protection of that provision, relator must have established that the work was both casual and not in the usual course of its trade or business. State ex rel.

City of Northfield v. District Court of Rice County, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. Lennon v. District Court of Douglas County, 138 Minn. 103, 164 N. W. 366; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106.

Relator is a corporation organized expressly for the purpose among others of "acquiring, holding, renting and using" certain specified buildings. It was the roof of one of those buildings upon which respondent was engaged. It was being made ready for use by a tenant. The "renting" of that building was so clearly one of the corporate purposes of relator that it cannot be successfully argued, at least against the contrary finding of fact, that the preparation of the building for the tenant was not "in the usual course" of its "trade, business * * * or occupation."

Writ discharged.