## ELIZABETH SINK v. WALTER E. PHARAOH.[1]

February 4, 1927.

No. 25,654.

**By hiring workman to reshingle small building, retired farmer, having no occupation, did not subject himself to workmen's compensation act.**

A person owning but one small building which he rents out, and having no trade, business, profession or occupation, does not subject himself to the workmen's compensation act by hiring a workman at an hourly wage to reshingle the building, said workman, while at the work, having met with an accident which caused death.

Statutes, 36 Cyc. p. 1119 n. 36.
Workmen's Compensation Acts,—C. J. p. 51 n. 69; p. 52 n. 78.

See note in L. R. A. 1916A, 120, 247, 365.
See note in 15 A. L. R. 736, 33 A. L. R. 1452; 28 R. C. L. 767; 4 R. C. L. Supp. 1848; 5 R. C. L. Supp. 1561; 6 R. C. L. Supp. 1749.

Certiorari to review a compensation award by the industrial commission in a proceeding under the workmen's compensation act. Reversed.

*Whipple & Smith,* for relator.

*H. W. Goetzinger* and *Thomas P. Welch,* for respondent.

HOLT, J.

Certiorari to review a compensation award. Peter Sink, a carpenter, was hired by appellant to reshingle a small house owned by him in Minneapolis and was to be paid at the rate of 40 cents an hour. He began work on September 14, 1925. On September 16, while at work, the scaffold gave way and he fell, receiving injuries which caused death. The question presented is whether Sink and the employer were within the workmen's compensation act. All servants and masters are not within the protection of that act.

[1]Reported in 212 N. W. 192.

Section 8 thereof (G. S. 1923, § 4268) provides: "This act shall not be construed or held to apply to * * * persons whose employment is casual, and not in the usual course of the trade, business, profession or occupation of his employer."

The reshingling of a small house was a casual employment, but that did not exclude the workman from the benefits of the act, provided the employment was in the usual course of the business or occupation of his employer. The facts in relation thereto are stipulated and in substance embodied in this finding:

"That on September 16, 1925, Peter Sink was employed by Walter E. Pharaoh, the above named employer, at a weekly wage of $17.60, which said employment was that of a carpenter to make certain repairs, consisting in part of reshingling a residence property owned by the employer in the city of Minneapolis, and which said property had been so owned for a period of about ten years, but had never been occupied by the employer as his residence, but the said employer had during all of said time leased the said property, as the owner thereof, to tenants, and that said residence property was the only property of that character owned by said employer, and that said employer was not engaged in any other trade, business, profession or occupation except that of owning and renting the said residence property."

The stipulation of facts states that Pharaoh is a retired farmer living with his wife in Monticello, Minnesota, in a house owned by the wife; that he owns no real property except this house No. 3033 Twentieth avenue south in Minneapolis, which he rents out for $24.50 per month; that this house required reshingling, due to a windstorm having damaged the roof; and that he employed Peter Sink to do the job at 40 cents per hour. Pharaoh has no regular trade or occupation but has done occasional work by the day since retiring from farming, such as assisting in cutting meat and waiting on trade in a meat market at Monticello.

Can it be said that the owning, letting, paying taxes and keeping in repair this solitary dwelling constitutes a business or occupation

within the meaning of the quoted part of the act? We can well conceive that a person may embark in the owning and letting of houses so that it results in a business or occupation. But had this small dwelling been owned by a merchant, doctor, or lawyer and had Sink been employed to reshingle the same, could it have been said that the employment was in the usual course of the business or profession of the owner? True, a person may engage in more than one business or be in a profession and a business at the same time. Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106. In Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421, the casual work was in the business for which the employer, the corporation, was organized. But if the exception of the statute is to cover any situation at all or be given some force or meaning it should exclude the employer here. The definition attempted in the case of State ex rel. Lennon v. District Court, 138 Minn. 103, 164 N. W. 366, as applicable there, should hold substantially applicable here. Unless it does, it would follow that if a person owns any property whatever, personal or real, from which he expects to derive some profit and he hires another to do some trifling thing in connection therewith and the one so hired is accidentally injured, there is liability under the workmen's compensation act. We do not think this was the intention of the legislature. To the words "the trade, business, profession, or occupation" must be applied the maxim, ejusdem generis, so that some small or insignificant matter cannot constitute the business or occupation of a person any more than could a like small matter class him in a profession or trade.

That other courts take the same view of similar exceptions in workmen's compensation acts appears in Lauzier v. Industrial Acc. Comm. 43 Cal. App. 725, 185 Pac. 870; Ford v. Industrial Acc. Comm. 53 Cal. App. 542, 200 Pac. 667 (cited approvingly by the supreme court of California in Roman Catholic Archbishop v. Industrial Acc. Comm. 194 Cal. 660, 230 Pac. 1); Rissman v. Industrial Acc. Comm. 190 Cal. 619, 213 Pac. 991; Oliphant v. Hawkinson, 192 Iowa, 1259, 183 N. W. 805, 33 A. L. R. 1433; Kaplan v. Gaskill, 108 Neb. 455, 187 N. W. 943.

Respondent cites Holmen Creamery Assn. v. Industrial Comm. 167 Wis. 470, 167 N. W. 808; F. C. Gross & Bros. Co. v. Industrial Comm. 167 Wis. 612, 167 N. W. 809; Caca v. Woodruff, 70 Ind. App. 93, 123 N. E. 120; which are not opposed to State ex rel. Lundgren v. District Court, 141 Minn. 83, 169 N. W. 488, but there was no doubt in those cases that the casual employment was in the business of the employer—and the restrictive interpretation of "the usual course" in that business was not adopted that prevailed in Holbrook v. Olympia Hotel Co. 200 Mich. 597, 166 N. W. 876; and Marsh v. Groner, 258 Pa. St. 473, 102 Atl. 127. Bauer v. Anderson (Neb.) 207 N. W. 508, is also relied on, but it is evident that that decision is placed upon the proposition that the employer was engaged in the building business at the time of the accidental injury of the employe, for no reference was made to the case of Kaplan v. Gaskill, supra, where a junk dealer who owned two or three houses and a store building, all of which he rented out, was held not subject to the compensation act when one hired to repair one of the buildings met with an accident.

Upon the facts the employment here in question was not covered by the workmen's compensation act, and the award must be set aside.

So ordered.