## ALFRED NYGAARD v. THRONDSON BROTHERS AND ANOTHER.[1]

January 27, 1928.

No. 26,493.

**Regular employe not deprived of compensation for injury simply because the scope of his employment had been enlarged at time of the injury.**

An employe, not a casual, is not deprived of compensation because alone of the fact that the service in which he was engaged at the time of injury was beyond the usual scope of his employment, the fact remaining that he was at the time in the employment and under the direction of the employer.

Workmen's Compensation Acts—C. J. p. 83 n. 49 New.

[1]Reported in 217 N. W. 370.

Certiorari upon the relation of the Midwest Mutual Insurance Company to review an order of the industrial commission awarding compensation to respondent, Alfred Nygaard, for injuries sustained while in the employ of Throndson Brothers. Affirmed.

*Geo. A. & C. H. MacKenzie* and *H. A. Knobel,* for relator.

*Norbert L. Wilson,* for respondent.

STONE, J.

Certiorari at the instance of the insurer to review an award of compensation by the industrial commission.

During the late summer and early autumn of 1925 Nygaard was employed by Hans and Tom Throndson, who under the firm name of Throndson Brothers were operating a threshing outfit in Otter Tail county. Nygaard, according to his own testimony, was employed by them "to take care of the bagger and do whatever I was called upon, help around the machine, anything, whatever they see fit to put me." During a rainy week when the machine was laid up, Tom Throndson went to Ashby in Grant county to inspect another threshing rig which was understood to be for sale. Throndson Brothers had an automobile of their own, but it was temporarily out of commission, so Nygaard offered the use of his own Ford for the trip and went along as driver. He was paid for his time as usual, his employment continuing during the journey to Ashby the same as though threshing had continued. While cranking his car at Ashby, Nygaard was severely injured by a "backfire."

The one question is whether the injury arose out of and in the course of the employment, and we are clear that it was correctly answered in the affirmative by the industrial commission. G. S. 1923, § 4268, does exclude from the operation of the workmen's compensation law "persons whose employment at the time of the injury is casual, and not in the usual course of the * * * occupation" of the employer. But in order to make operative the exclusionary effect of that section, the employment must be both casual and not in the usual course of the business of the employer. O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636, and cases cited. In that case it was said also that an employer may

enlarge or extend the scope of the employment; and that an employe, who at the direction of his employer performs services beyond the scope of his usual employment but in consequence of the relation of employer and employe and as incidental to the employment, is within the protection of the act while performing such services. That is this case precisely. It may well be that Nygaard volunteered the use of his machine for the journey to Ashby. But the fact remains and is decisive that during the entire journey Nygaard remained the employe of Throndson Brothers, was under their control, and was paid accordingly. The personal service rendered on that journey was referable solely to the pre-existing and continuing relation of master and servant. So we need not consider whether the trip was undertaken in the usual course of the employer's occupation. Its purpose was to inspect a threshing outfit offered for sale. It is not clear whether the purchase in contemplation was to be made by both the Throndson Brothers or by Tom alone. But that doubt is not important, for it remains that Nygaard, as chauffeur for Tom Throndson on the journey to Ashby, continued in the service of Throndson Brothers.

Order affirmed.