# WALTER RAMCZIK v. WINONA MACHINE & FOUNDRY COMPANY AND ANOTHER.[1]

March 23, 1928.

No. 26,513.

**Disallowance of claim of casual employe reversed upon findings and undisputed facts.**

Under the findings and undisputed facts the petitioner was within the protection of the compensation law at the time he sustained the injury.

Workmen's Compensation Acts—C. J. p. 80 n. 25.

Certiorari to review an order of the industrial commission disallowing compensation to relator for the loss of a finger. Reversed.

*Tawney, Smith & Tawney* and *E. D. Libera,* for relator.

*C. E. Warner* and *Mark F. Crotty,* for respondents foundry company and American Mutual Liability Insurance Company, its insurer.

TAYLOR, C.

Certiorari on the relation of Walter Ramczik to review the decision of the industrial commission disallowing his claim for compensation for the loss of a finger.

The employer foundry company received shipments of scrap iron by rail and occasionally gave Ramczik the job of unloading it. When doing this work, if he found a piece too heavy for one man to handle, he called to the workmen in the foundry and one or more of them assisted him. The company also provided a crane used in lifting pieces too heavy to be unloaded by hand. On February 12, 1927, a car of scrap iron was received, and Ramczik was given the job of unloading it and began the work about the middle of the afternoon. The commission found that he

"was engaged in a casual employment by the Winona Machine & Foundry Co., to unload a car of scrap iron, which said employment

[1] Reported in 218 N. W. 545.

was in the usual course of the business of the said Winona Machine & Foundry Co., and which said employment was piece work, resulting in an average weekly wage of $22.50."

The commission further found that after he

"had stopped working on the job involved in his said casual piece work employment, the said petitioner entered a room of the establishment and factory of said employer where two employes of said employer, together with a foreman, were engaged in foundry operations which involved the lifting of a heavy instrumentality used in such operations and, without any express invitation or direction from said foreman or any other person, offered and attempted to assist said employes in lifting such heavy instrumentality without any express direction on the part of said foreman or any other person not to do so, and in so doing petitioner sustained an accidental injury resulting in temporary total disability for a period of fourteen weeks after said date and the loss by amputation of the second finger on the left hand."

The commission held that the injury "did not arise out of and in the course of the employment," and denied compensation.

Under the findings Ramczik was within the protection of the compensation law while unloading the iron, and the injury if sustained while engaged in that work would unquestionably have been compensable. State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312; Workman v. Endriss, 164 Minn. 199, 204 N. W. 641; O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421.

Ramczik quit work on his job shortly after six o'clock and stepped into the foundry for a drink of water. He saw the three men trying to lift a heavy form, termed a flask, which they seemed unable to handle. They were the men who assisted him when he needed help, and he undertook to assist them. He did so without being asked but with the knowledge and in the presence of the foreman, who at least made no objection. We think he did what an employe would

ordinarily do under such circumstances, and that he cannot be deemed to have acted as a mere volunteer. He was still on the employer's premises and the work was in furtherance of the employer's business. It is true that he was employed merely to unload scrap iron and had no duties to perform within the foundry, but we think he was justified in recognizing a sort of moral obligation to give needed assistance in their part of the work to those who assisted him in his part of it, and that his attempt to do so may properly be considered as incidental to and arising out of his employment.

The compensation law has uniformly been given a liberal construction. State ex rel. Duluth Brg. & M. Co. v. District Court, 129 Minn. 176, 151 N. W. 912; Hansen v. Northwestern Fuel Co. 144 Minn. 105, 174 N. W. 726; Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290; Olson v. Robinson, Straus & Co. 168 Minn. 114, 210 N. W. 64; Orcutt v. Trustees of Wesley M. E. Church, 170 Minn. 97, 212 N. W. 173; Moore v. J. A. McNulty Co. 171 Minn. 75, 213 N. W. 546; Nygaard v. Throndson Brothers, 173 Minn. 441, 217 N. W. 370.

In several of the cases above cited, the employe was held to be within the protection of the act although the injury occurred while performing services outside his line of duty. We think that the findings and the undisputed facts bring this case within the principle of those cases and show that Ramczik is entitled to compensation as a matter of law. The conclusion of law is reversed and the cause remanded with directions to award compensation upon the findings of fact. An attorneys' fee of $50 is allowed to the relator.