# FRANK BILLMAYER v. CHARLOTTE M. SANFORD.[1]

May 17, 1929.

No. 27,278.

*Weikert, Lohmann & Wilford,* for relator.
*W. H. Steffen* and *Francis M. Smith,* for respondent.

WILSON, C. J.

Certiorari to review the decision of the industrial commission requiring the relator to pay compensation.

Relator is a married woman living with her husband and family in a home owned by her. She also owns two vacant lots and four other lots on which are four buildings, so arranged as to accommodate eight or nine tenants. For 20 years she has owned this prop-

[1]Reported in 225 N. W. 426.

erty·and has not purchased or sold any real estate.· Her attention has been given exclusively to this property and her household affairs. She employed respondent to do some storm window work on the home for one or two days, and as time went on she found other odd jobs for him to do. On one occasion he was taken to one of the other buildings for about ten minutes to repair a broken step. The work for which he was employed was of such character that the time required therefor could not be determined in advance. He was away one day; possibly more. He was away looking over prospective work for another.

He began work about September 19. He was injured October 14. Possibly he worked about three weeks in all. After spending about two weeks at the home place on storm windows and doors, fixing porches and renailing some siding near the ground, fixing hinges, etc. he was taken to one of the other houses where he was for about a week, and where he fell from a chair on which he was standing, in the basement, while working on a basement window, and was injured. At this place he was repairing doors, putting on storm windows and repairing floors.

■ The compensation act does not apply to persons whose employment is casual and not in the usual course of trade, business, profession or occupation of his employer. G. S. 1923 (1 Mason, 1927) § 4268.

Did the relator have a business or occupation other than that of a housewife? A person may engage in more than one business or occupation. The compensation act does not contemplate that one can be engaged in only one usual business. But did the owning and letting of these houses constitute a business or occupation?

We have held to the contrary, under similar circumstances, where only one building was involved. Sink v. Pharoah, 170 Minn. 137, 212 N. W. 192, 50 A. L. R. 1173. Such conduct may reach such proportions as to require an affirmative conclusion (Storrs v. Industrial Comm. 285 Ill. 595; 121 N. E. 267) but this case does not seem to be such. Each case must rest upon its own facts.

The aim of the compensation act is to have the burden put upon industry and ultimately borne by the consumer as a part of the

necessary cost of production. This is to meet the economic loss. It belongs to industry rather than to society as a whole. It is not intended that every employe be covered. In a case of this character the owner of the property owns it as an investment or means of income.

We are of the opinion that relator did not carry on a business or occupation within the compensation act. There are authorities which support and which tend to support our conclusion. Sink v. Pharoah, 170 Minn. 137, 212 N. W. 192, 50 A. L. R. 1173, and cases therein cited; Bargewell v. Daniel, 98 L. T. R. 257; Kelly v. Buchanan, 47 Ir. L. T. R. 228; Uphoff v. Industrial Bd. 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E, 329, Ann. Cas. 1917D, 1; Marsh v. Groner, 258 Pa. 473, 102 A. 127, L. R. A. 1918F, 213; Eichholz v. Shaft, 166 Minn. 339, 208 N. W. 18.

But before relator can escape liability herein it must also appear that the employment was casual. Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421. Eichholz v. Shaft, 166 Minn. 339, 208 N. W. 18, is not authority to the contrary. What is a casual employment? Experience teaches that no exact definition of the term is advisable. Our first thought of the term is that it indicates something which comes without regularity and is occasional and incidental. Its antonyms are "regular," "certain," "periodic," and "systematic." A thing is casual when it comes without regularity and is of comparatively minor importance. It is usually temporary and of short duration. Where the employment cannot be characterized as permanent or periodically regular, but occurs by chance, or with the intention and understanding on the part of both employer and employe that it shall not be continuous, it is casual.

Relator did not need a regular employe. She had some odd jobs to be done. They were of unknown but short duration. She was not carrying on any business or occupation. The employment was necessarily understood by both parties as temporary. It could not be continuous. It was a mere incident. It was an occasional irregular employment. The very nature of the work leads to the conclusion that the employment was casual. The work was of a

casual nature. Where one is not employed in a business, trade, occupation or profession, the employe is not within the act unless his employment is stable.

In Consumers Mut. O. P. Co. v. Industrial Comm. 289 Ill. 423, 124 N. E. 608, the employment contemplated three or four weeks and was held casual. In Blood v. Industrial Acc. Comm. 30 Cal. App. 274, 157 P. 1140, two weeks' work was held to be casual. The employment in Ritchings v. Bryant, 6 B. W. C. C. (Eng.) 183, was casual where a window cleaner, who was injured, had cleaned the windows of a private house once a month for four years but no definite arrangements had been made in advance as to the regular time for the work. In Hill v. Begg (1908) 2 K. B. (Eng.) 802, a window washer who did his work as needed for two years was held to be a casual employe. See also Rennie v. Reid (1908) S. C. (Scot.) 1051.

Our conclusion that the employment in this case was casual finds support directly or indirectly in the authorities. 1 Wd. & Phr. (3 ser.) 1053, 1054; Aurora Brg. Co. v. Industrial Bd. 277 Ill. 142, 115 N. E. 207; Herbig v. Walton Auto Co. 191 Iowa, 394, 182 N. W. 204; Consumers Mut. O. P. Co. v. Industrial Comm. 289 Ill. 423, 124 N. E. 608; Chas. A. Smith & Co. v. Industrial Comm. 299 Ill. 377, 132 N. E. 470; 1 Honnold, Workmen's Comp. 199, § 62; 1 Schneider, Workmen's Comp. 132, §§ 29, 30; Oliphant v. Hawkinson, 192 Iowa, 1259, 183 N. W. 805, 33 A. L. R. 1433; Mitchell v. Maine Feldspar Co. 121 Me. 455, 118 A. 287, 33 A. L. R. 1447, Anno. 1452; 15 A. L. R. 735; Diamond Livery v. Industrial Comm. 289 Ill. 591, 124 N. E. 609; 28 R. C. L. 766, § 62.

Reversed.