## MIKE GAHR v. C. S. STROUT AND ANOTHER.[1]

February 21, 1930.

No. 27,710.

*Kelly & Mangan,* for relators.
*C. E. Warner* and *Joseph Harkness,* for respondent.

OLSEN, C.

Certiorari to review an order of the industrial commission awarding compensation for injuries to Mike Gahr as employe of C. S. Strout. The Continental Casualty Company is joined as insurer. For brevity the employe will be referred to as plaintiff and the employer as defendant.

[1]Reported in 229 N. W. 340.

Plaintiff is a painter and decorator by occupation. Defendant owns and operates a grocery business at Monticello in this state but does not own the building in which the business is carried on. The terms of his tenancy of the building are not shown, and it does not clearly appear whether defendant was under any obligation to make repairs. About November 9, 1928, defendant employed the plaintiff to paint the front of the store building. Plaintiff testified that he agreed to do the work for 50 cents an hour, and that it was understood or agreed that the entire cost of the job would be about $4. Defendant furnished the paint and a ladder for plaintiff's use. Defendant testified that plaintiff told him that the work would cost about $4 and that they agreed on that price; that nothing was said about 50 cents an hour. He said that he intended to engage plaintiff as his employe and after the accident reported him as such to the insurer; that he instructed plaintiff to burn off the old paint and as to how he wanted the front painted; that two colors were to be used and certain moldings were to be painted in a certain manner; that some strips were to be painted yellow and others green. He further testified that he considered it a regular part of his business to keep his store building in presentable condition and presentable repair; that he was making his store over into a community store and wanted the front painted a particular way.

On November 9, 1928, while plaintiff was engaged in doing the work and was standing upon the ladder mentioned the ladder buckled or broke and he fell onto the sidewalk and was injured.

The referee found that plaintiff was an employe of the defendant for hire and that the accident arose out of and in the course of his employment, and awarded compensation. On appeal the industrial commission added a finding that the employment was in the usual course of the business or occupation of the employer, and then affirmed the findings and decision of the referee.

Defendant and insurer contend here that the plaintiff was an independent contractor. The case of Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009, is cited on this point. In that case the industrial commission had denied compensation on the

grounds that Schoewe was an independent contractor and that the accident did not arise out of or in the usual course of the trade, business, profession or occupation of the employer. The question before this court was whether there was any evidence to sustain the finding of the commission on either ground stated. This court concluded that it could not disturb the findings on the ground that they were without support in the evidence or that reasonable minds could not reach the result arrived at. The court based the decision on the well known rule in these cases, that "if, after an impartial consideration of the evidence and of the inferences which may fairly and reasonably be drawn therefrom, reasonable minds might reach different conclusions upon the question, the findings must stand." [155 Minn. 5] Here the commission has found that plaintiff was an employe and not an independent contractor. It was at most a question of fact on which the evidence amply sustains the finding.

The next claim is that the employment was casual and not in the usual course of the trade or business of the employer. That the employment was casual may be conceded. The referee and commission made no finding to the contrary. It is conceded that in order to be excluded from workmen's compensation on this ground the employment must be both casual and not in the usual course of the trade or business of the employer. Nygaard v. Throndson Bros. 173 Minn. 441, 217 N. W. 370. What has already been said about the question of independent contractor being a question of fact and the finding of the commission thereon being controlling might well be applied to the finding that the employment was in the usual course of the business or occupation of the employer. We might rest there. Attention may be called to defendant's evidence that he considered it a regular part of his business to keep his store building in presentable condition, and that he was changing his store into a community store and wanted certain colors and stripes put on in a particular manner, presumably to distinguish it as a community store. It is a matter of common knowledge that merchants, as a part of their usual course of business and in order to attract trade, decorate and make attractive their store fronts, and

for the same purpose stores belonging to a particular chain or class use distinctive stripes and colors to indicate their class or kind.

We find ample evidence to sustain the findings of the commission that plaintiff's employment was in the usual course of the business or trade of the employer. See State ex rel. Foss v. Nelson, 145 Minn. 123, 176 N. W. 164; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; Benoy v. Torkelson, 161 Minn. 223, 201 N. W. 312; Durrin v. Meehl, 163 Minn. 325, 204 N. W. 22; Workman v. Endriss, 164 Minn. 199, 204 N. W. 641; Reed v. Township of Monticello, 164 Minn. 358, 205 N. W. 258; Holmen Creamery Assn. v. Industrial Comm. 167 Wis. 470, 167 N. W. 808; Archbishop v. Industrial Acc. Comm. 194 Cal. 660, 230 P. 1.

The order of the industrial commission is affirmed.