## JOSEPH CARDINAL v. PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA AND OTHERS.[1]

July 15, 1932.

No. 28,934.

*Daniel P. Kennedy,* for relators.
*G. W. Mantor,* for respondent.

DIBELL, J.

The proceeding is under the workmen's compensation act, G. S. 1923 (1 Mason, 1927) § 4261, et seq.

Section 4268 provides that the act shall not apply to "domestic servants, farm laborers or persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of his employer."

The term "employer" is defined in § 4326(d) ; and the term "employe" is defined in § 4326(g), subds. (1) and (2). Further definition is unnecessary for our present purpose.

[1]Reported in 243 N. W. 706.

The defendants make two general claims:

(1) That the plaintiff, Cardinal, was an independent contractor of the defendant Prudential Insurance Company.

(2) That if an employe within the act his employment was casual within § 4268.

■ The facts are not much in dispute. The Prudential Insurance Company owned 25 or 30 pieces of real property in St. Paul which it had acquired under mortgage foreclosures and which it was endeavoring to sell. In February, 1931, a field man of the Prudential looked over the properties with some realty men of St. Paul who gave their estimates of the prices at which the property could be sold, and in many cases the price estimated was less than the Prudential foreclosure or book value. In such a case the contract for sale, made by these realtors, could not be closed without the approval of the Prudential at its home office.

The plaintiff, Cardinal, made a contract to purchase a house at a price below the book value, paid $100 cash, and entered into a contract which was subject to the approval of the Prudential. He had just come from Iowa, and the broker allowed him to move into the property with his family. It was understood that some redecorating was to be done by the Prudential. Cardinal was a decorator by trade, though he had not engaged in it for perhaps a year before. He was asked to estimate the cost of the decorating and put it at from $75 to $100. The agent queried why he could not do the work himself. This was in anticipation that the contract of purchase would be approved by the Prudential. He said he could do the work and he was told to go ahead and do it. He bought some materials and started. He was injured by falling from a ladder before the work was completed. He was paid at the rate of 50 cents an hour for the work which he did, and some provision satisfactory to both parties was made for the payment for the materials he had bought. He did not take the work by the job. The proposed purchase was disapproved by the Prudential, and he did not get the property.

The test of right of supervision applies in determining the fact of independent contractor. Cardinal was an expert at his trade. Little supervision was needed when it was determined just what should be done. This was arranged satisfactorily. There is evidence that the work was overlooked to some extent as it proceeded until Cardinal was hurt. The evidence does not show definitely what arrangement was made about getting materials such as oil, paint, and paper; but whatever was done was satisfactory to the Prudential, and the cost was paid by it. The showing made does not require a finding that Cardinal was an independent contractor and sustains the finding of the commission. The cases of Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608, and Barker v. Bemidji W. P. Co. 184 Minn. 366, 238 N. W. 692, review many of our cases.

The case of Gahr v. Strout, 179 Minn. 395, 229 N. W. 340, has a similarity on its facts. There the employe, a painter and decorator, with a loose understanding that the entire cost would be about four dollars, painted the front of the defendant's store building. There was little, if any, supervision as to details, although the employer had authority. The employe claimed that he was to have the going wage of 50 cents an hour. The finding of the commission that he was not an independent contractor was sustained. In Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421, the workman who was injured in painting the roof of a factory building was doing all the work himself and using his own brushes. He was shown what was to be done and was told what to paint. He undertook the work and did it. There was no agreement as to the amount of compensation or the duration of the work. He was held to be an employe and not an independent contractor. There is a complete collection of the cases in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10395. There is nothing in the evidence requiring a finding that the plaintiff was an independent contractor, and the finding of the commission that he was not is sustained.

■ If not an independent contractor the plaintiff occupied the status of an employe. The defendant claims that his employment was casual. For the purposes of the case it may be conceded that it was. That the work done by the employe is casual does not prevent compensation. To bring such result the work must be done, as provided in G. S. 1923 (1 Mason, 1927) § 4268, "not in the usual course of the trade, business, profession or occupation of his employer."

In State ex rel. City of Northfield v. District Court, 131 Minn. 352, 354, 155 N. W. 103, 104, Ann. Cas. 1917D, 866, it is said:

"The language of the statute leaves no room for construction. Though casual, if the employment is in the usual course of the business of the employer, the compensation act applies."

And in Workman v. Endriss, 164 Minn. 199, 200, 204 N. W. 641, it was said:

"Although plaintiff's employment may have been casual, it was in the usual course of the business of his employer, and he was therefore within the compensation act."

Where a person owning one small building which he rented to another hired a carpenter at an hourly wage to reshingle it, it was held that the work was not in his trade, business, profession, or occupation, and so the question of casual employment was unimportant. Sink v. Pharaoh, 170 Minn. 137, 212 N. W. 192, 50 A. L. R. 1173. Where a woman owned some vacant lots and four buildings, enough to accommodate eight or nine tenants, and lived and kept a home for her family, employed a workman to fix storm windows for a day or two, and afterwards found odd jobs for him about the place, the work done by him was not within the usual course of her trade, business, profession, or occupation. Billmayer v. Sanford, 177 Minn. 465, 225 N. W. 426. The employment of a laborer by a township to keep its roads in repair was held in the usual course of the business of the town. Reed v. Township of Monticello, 164 Minn. 358, 205 N. W. 258. Other cases are cited in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10394.

It is not certain that Dunn & Stringer are liable. The Prudential and its insurer are. If important a correction can be made.

No costs are awarded.

Order affirmed.