THORVALD OSTLIE v. H. F. DIRKS & SON AND ANOTHER.[1]

April 28, 1933.

No. 29,376.

*Daniel P. Kennedy* and *George R. Cummings,* for relators.
*A. G. Loomis,* for respondent.

*HILTON, Justice.*

Certiorari to review a decision of the industrial commission awarding compensation.

H. F. Dirks and Elmer Dirks were copartners engaged for many years in the general merchandise business in Springfield, Minnesota, under the firm name and style of H. F. Dirks & Son. The Maryland Casualty Company was their insurer. Respondent Ostlie was, in a small way, engaged in the general electrical sales and service business in Springfield and operated a shop therein. His work was performed both at the shop and away from it.

In 1926 H. F. Dirks became the owner of a two-story building in Springfield, into which was moved from an adjoining building the merchandise and other property of the partnership. A monthly rental of $90 was paid by the firm to H. F. Dirks. The first floor was occupied by the partnership as a store; the second floor was used in part by it for storage purposes and also contained rooms

[1]Reported in 248 N. W. 283.

.suitable for professional offices. A dentist who had been occupying these offices vacated. For some time thereafter they were used for storage. In January or February, 1931, work was started in the remodeling of these rooms into living quarters. Various craftsmen— a carpenter, plumber, painter, decorator, and an electrician (Ostlie) —were employed for that purpose. Ostlie was injured after being engaged in electric wiring therein for about two hours.

The referee found that Ostlie was not an employe of the partnership, but that he was an independent contractor, and denied compensation. On appeal to the commission, it found (one member dissenting) that Ostlie suffered an accidental injury to his person, and that said accidental injury arose out of and in the course of his employment with his employer, and awarded compensation.

We assume without deciding that Ostlie was an employe.

However, it is claimed by relators that the employment of Ostlie was casual and not in the usual course of business of his employer. To be excluded from compensation on this ground the employment must be both casual and not in the usual course of the business of the employer. 1 Mason Minn. St. 1927, § 4268; Carter v. W. J. Dyer & Bro. 186 Minn. 413, 243 N. W. 436; Gahr v. Strout, 179 Minn. 395, 229 N. W. 340. It is conceded that the employment was casual. The question then remaining is, was it in the usual course of the employer's business? Neither the referee nor the commission made any specific finding thereon. Relators assign as error the failure of the commission to find that it was both casual and not in the usual course of the business of the employer. An examination of the evidence convinces us that the work of installing electric wiring in the apartment on the second floor was not in the usual course of the employer's business. The usual business of the partnership was that of operating a general merchandise store. The renting of the apartment after the remodeling was completed was not a part thereof. It would be a very minor item and would not constitute an element of the employer's usual business, nor to any appreciable extent increase or promote the same. The work that Ostlie and the other craftsmen were performing in the rooms in question was not of the same nature or character as that involved

in the two cases above cited, where compensation was allowed.

A person may, of course, be engaged in more than one business. The renting of this one apartment, however, cannot properly be classified as a business or occupation in and of itself. The word "business" as used in 1 Mason Minn. St. 1927, § 4268, was defined in State ex rel. Lennon v. District Court, 138 Minn. 103, 106, 164 N. W. 366, 368, as referring "to the employer's ordinary vocation and not to every occasional, incidental, or insignificant work he may have to do." See Billmayer v. Sanford, 177 Minn. 465, 225 N. W. 426; Sink v. Pharaoh, 170 Minn. 137, 212 N. W. 192, 50 A. L. R. 1173.

To hold otherwise than we have here would result in awarding compensation to an injured employe hired to do work, no matter how remote that work may be from the usual business of the employer. Such a holding would be contrary not only to the letter but to the purpose and intent of the statute. Upon the facts the employment here in question was not covered by the workmen's compensation act, and the award must be set aside. So ordered.

Reversed.