## FRANK COLOSIMO v. FRANK GIACOMO AND ANOTHER.[1]

May 7, 1937.

No. 31,191.

Affirmed.

*Ray Anderson,* for relators.

*Stone, Manthey & Montague,* for respondent.

[1]Reported in 273 N. W. 632.

Hilton, Justice.

*Certiorari* to review an order of the industrial commission affirming the findings of fact and allowance of compensation and medical expenses made by the referee to the respondent, totaling about $186.

Frank Giacomo and Angelina Ferrara Giacomo, relators herein, are husband and wife. The latter acquired title to certain premises in January, 1934. The building thereon was in a dilapidated condition, and repairs were necessary to render it fit for occupancy. In May, 1934, relators undertook to repair the building in order that the husband might occupy the first floor as a beer tavern. The second floor was to be occupied by them both as a dwelling place. It was necessary to enlarge an excavation under the building, and there is evidence that Colosimo was secured by the husband to participate in that work. The wife testified that she told her husband to go ahead and fix up the building and that he paid for the work, and there is some evidence that the funds came from her, or at least partly so. After working a day Colosimo received the injuries for which compensation and expenses were awarded.

The referee made a finding of fact that Colosimo was employed by both the husband and wife. The memorandum attached to the findings and award of the referee states:

"The Referee cannot entertain the question of dismissal of the husband—Clearly there is a definite oneness of interest between the husband and wife wherein there is a commingling of funds, interests, and purposes to a degree that no differentiation between the two is possible."

The findings and award of the referee received the approval of the industrial commission, and we think rightly so. Relators contend that the findings of fact and allowance of compensation are not warranted by the evidence, and also that the finding that Frank Colosimo was an employe of Frank Giacomo was error. Concluding, as we do, that the evidence is ample to support the findings and award of compensation, this also disposes of the latter contention.

Apparently the referee concluded that Colosimo was employed by

Giacomo on behalf of himself and also as agent for and on behalf of his wife, to help in the work of repairing the building. Without going into the evidence in detail, it is enough to state that we have examined it carefully and hold that it is sufficient to support the findings. The findings of fact of the commission are entitled to very great weight, and we will not disturb them unless they are manifestly contrary to the evidence. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 10426.

It is also claimed that Colosimo's employment was casual and not in the usual course of the trade, business, profession, or occupation of his employer, and is therefore excluded from the workmen's compensation act of this state by 1 Mason Minn. St. 1927, § 4268, which does exclude such employments. The employment was undoubtedly casual. However, it is well settled that it must be shown that it was both casual and not in the usual course of the trade, business, profession, or occupation of the employer. Nygaard v. Throndson Bros. 173 Minn. 441, 217 N. W. 370. It has been the policy of this court liberally to construe the act to give effect to the real intent of the legislature. As stated in State ex rel. Duluth Brg. & Malting Co. v. District Court, 129 Minn. 176, 178, 151 N. W. 912, 913:

"The courts ought therefore to guard against a narrow construction, and should not exclude a servant from the benefits thereof, unless constrained by unambiguous language or the clear intent as gathered from the entire act."

We have held that the repair of a business building was part of the usual course of a business. Gahr v. Strout, 179 Minn. 395, 229 N. W. 340. And in Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421, we held that a corporation organized for the purpose of acquiring, holding, renting, and using certain buildings, and engaged in repairing a building to make it ready for a tenant, was acting in the usual course of its business, and that an employe injured while making such repairs was entitled to compensation. Certainly the repair and decorating of a building in which the em-

ployer intends to establish a business is just as much in the usual course of that business, and the reasons which led to the results reached in the cases cited apply with equal force in the instant case. It follows that the work was being done in the usual course of the business of Frank Giacomo.

It is strenuously argued, however, that it cannot be found that the employment was in the usual course of any business of the wife, because her only interest in the repair of the building was to have it fixed up as a dwelling and home, and that such an employment is not within the act. If such were her only interest in the repair of the building, we think that undoubtedly the employment would not be within the act as far as she was concerned. While the question is not free from doubt, we feel that the finding of the industrial commission must be affirmed. The evidence is not very satisfactory, but will sustain the conclusion that she had some interest in the business of her husband. She owned the property, and there is evidence that she furnished some, if not all, of the funds to pay for the work.

The case was submitted on briefs, and the amount involved is not large.

Fifty dollars attorney's fees are allowed respondent.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.