### GEORGE D. CHISHOLM v. I. DAVIS.[1]

May 31, 1940.

No. 32,357.

*Reynolds & McLeod,* for relator.
*Erling Swenson,* for respondent.

[1]Reported in 292 N. W. 268.

Peterson, Justice.

The employe was awarded compensation, and the employer brings *certiorari* to review the decision.

The employe was a tenant of an apartment in one of the employer's apartment buildings. The employer owned a duplex and two fourplex buildings in which there were residential accommodations for ten families and also a store building, all situated in the residential portion of Minneapolis.

The employer operates a haberdashery business in the downtown portion of the city. He devotes all of his time to this business. The buildings, which he rents, are low rental properties. The monthly rent for an apartment ranges from $15 to $18 per month. The employer as landlord did not render any services other than those to be mentioned. Janitor services, heat, light, and similar services and conveniences were not supplied.

The employer hired the employe as a regular part-time worker to collect the rents monthly from the other tenants and to make minor repairs when and as needed. The commission found that the agreed compensation was five dollars per month, which was to be paid as a credit on the employe's rent. The parties agreed in the spring of 1938 that the employe should remove and replace screens and storm windows and doors when the seasons required, for which the compensation was 15 cents, paid in cash, for each window and door.

On November 25, 1938, while removing a screen preparatory to replacing it with a storm window, the screen slipped, hit the employe on the head, and caused him to fall from a stepladder, on which he was then standing in doing his work, to the ground, as a result of which he sustained severe injuries.

The employer contends (1) that the employment was casual and (2) that it was not in the regular course of his business.

1. The contention that the employment was casual is based upon the propositions that there were two contracts of employment—one for collecting the monthly rents and making the minor repairs and the other for removing and replacing the screens and storm windows and doors and that as to the latter the employe's

services were rendered only casually from time to time as needed. He rests his contention on the employe's testimony that the work of removing and replacing the screen and storm windows and doors did not have anything to do with the collecting of the rents. The employe stated: "That was extra work. I had a different agreement for that work." It is reasonably clear that what the employe meant was that the compensation for collecting the rents and making repairs did not cover the other work and that he was to be compensated for such work under the special arrangement. That there was only one contract of hiring under which the employe was to be paid an agreed compensation for extra work seems to be a reasonable construction of the evidence. The employer's own testimony gives support to this view. The evidence sustains the finding of the commission that there was only one employment for all the services to be rendered.

Part-time employment under which the employe is to render services at regular recurring periods is not casual. Hoard v. Sears Roebuck & Co. Inc. 122 Conn. 185, 188 A. 269.

2. Next it is claimed that at the time of injury the employe was not employed in the usual course of the employer's business. The exclusionary clause, L. 1937, c. 64, § 4 (3 Mason Minn. St. 1940 Supp. § 4272-4), reads in part as follows:

"This Act shall not be construed or held to apply to any * * * persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession, or occupation of his employer."

The employer urges that his owning and renting the buildings did not constitute his usual trade, business, profession or occupation is settled by our decisions in Jackson v. Cathcart & Maxfield, Inc. 201 Minn. 526, 277 N. W. 22; Billmayer v. Sanford, 177 Minn. 465, 225 N. W. 426; and Sink v. Pharaoh, 170 Minn. 137, 212 N. W. 192, 50 A. L. R. 1173.

We shall assume, but not decide, that so much of his contention is established. But that is not decisive. The employment at the time of injury must be both casual and not in the usual

course of the employer's business to exclude the employe from the benefits of the act. One ground alone is not sufficient; both must concur to constitute grounds for exclusion. Colosimo v. Giacomo, 199 Minn. 600, 273 N. W. 632. An employe whose employment is not casual is within the act even though his injury occurs at a time when he is not engaged in the usual course of the employer's trade or business, Nygaard v. Throndson Bros. 173 Minn. 441, 217 N. W. 370; O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636; State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; and it makes no difference that the employment is on a part-time basis, Pallanck v. Donovan, 105 Conn. 591, 136 A. 471; Annotations, 60 A. L. R. 1195-1198; 33 A. L. R. 1456-1457. See Dewhurst v. Mather [1908] 2 K. B. 754.

In the cases of Jackson v. Cathcart & Maxfield, Inc. 201 Minn. 526, 277 N. W. 22; Billmayer v. Sanford, 177 Minn. 465, 225 N. W. 426; and Sink v. Pharaoh, 170 Minn. 137, 212 N. W. 192, the employment at the time of injury was both casual and not in the usual course of the employer's business; whereas here only the one ground that the employment did not occur in the usual course of the employer's business exists, and that by force of an assumption for purposes of decision. The exclusionary clauses in the instant and the cited cases are the same, but the instant case differs from those cited in its facts in the respect stated.

The employer contends that the word "casual" is meaningless and that where it appears that the injury did not occur in the usual course of the employer's business the case is to be excluded from the act upon that sole ground. The word "casual" is not meaningless. Our prior decisions *supra* settle that proposition. The American workmen's compensation acts are patterned after the English act, which uses the conjunctive "and" and which has been construed as requiring that an employment be both casual and not in the usual course of the employer's business, etc., to be excluded. The conjunctive "and" and the disjunctive "or" have been used advisedly in this country in exclusionary clauses. The word "and" is used where the purpose is to adopt the restricted

language of the English act as interpreted by the English decisions requiring both grounds for exclusion. The word "or" is used where the intention is to expand the scope of such clause by making either one of the grounds operate to exclude. Gaynor's Case, 217 Mass. 86, 104 N. E. 339, L. R. A. 1916A, 363. We follow the English construction since our act is in the same form. State ex rel. City of Northfield v. District Court, 131 Minn. 352, 155 N. W. 103.

The employe is entitled to compensation.

The decision is affirmed.

Respondent is allowed $75 attorney's fees in this court.