LENA A. CHRISS v. COMPO BOARD COMPANY.[1]

December 5, 1941.

No. 32,998.

*Reed & Derrick,* for relator.
*H. G. Haugland,* for respondent.

HILTON, JUSTICE.

Relator, a manufacturer of Compo-Board, closed its doors in February 1939, and thereafter in August 1940, while collecting scrap iron on the premises, respondent's decedent was killed by a fall down an open elevator shaft into which the scrap iron was being thrown from upper floors. Presented for decision is the question whether, at the time of the injury, the decedent's employment was casual and not in the usual course of the business or trade of his employer. If so, the workmen's compensation act

[1]Reported in 1 N. W. (2d) 129.

does not apply (Mason St. 1940 Supp. § 4272-4), and the industrial commission erred in granting compensation to respondent.

Decedent had been employed by relator first as shipping clerk and later as foreman of the plant. After February 1939, when manufacture ceased, he was employed at various odd jobs for which he received wages in April, May, September, and December of that year. Occasionally, he went to the premises voluntarily to "see that things were all right." He was not employed thereafter until August 1940, when he was asked by the secretary of relator to engage another employe to assist in performing the work during which he fell to his death.

Since it is admitted that decedent's employment was casual, the only inquiry is whether it was not in the employer's usual course of trade or business, because the statute requires that both conditions be met before the act is inapplicable. Oberg v. DuBeau, 202 Minn. 476, 279 N. W. 221; Chisholm v. Davis, 207 Minn. 614, 292 N. W. 268. Relator makes argument that the sale of scrap iron was not its business nor was its collection a part of the usual course of manufacturing Compo-Board, urging that the activity was wholly insignificant, trivial, and remote from its regular business.

Wherever objection is made that the employment in which a workman is engaged at the time of injury is outside the usual course of trade or business of the employer, it is essential to examine the nature and purpose of the particular employment to ascertain its relation to whatever is usual to the employer. Where the activity is one of the normal operations of a trade or business, the employe performing it is protected by the workmen's compensation act. Thus we have held that painting the premises is an activity which is usual to the conduct of a business thereon. Gahr v. Strout, 179 Minn. 395, 229 N. W. 340; Fuller v. Northern States Power Co. 189 Minn. 134, 248 N. W. 756. Activities which are regarded as incidental to the ownership and use of property include washing of windows to preserve neatness (Carter v. W. J. Dyer & Bro. 186 Minn. 413, 243 N. W. 436), the removal of

screens and installation of storm windows (Fisher v. Manzke, 208 Minn. 410, 294 N. W. 477), and interior decorating (Cardinal v. Prudential Ins. Co. 186 Minn. 534, 243 N. W. 706). Further, we have said that the transportation of office equipment to a new location is an incident of the prosecution of the real estate business. Byhardt v. Ballord, 209 Minn. 391, 296 N. W. 504.

These cases are but illustrative of the types of activities which although infrequently performed are nevertheless commonly recognized as a part of a trade, business, or occupation. The activity in which decedent was engaged at the time of his death was the collection of scrap iron. It may be conceded that relator was not engaged in the business of selling scrap iron. But its collection for sale or other disposal certainly was an activity normally to be expected in the preservation and protection of the physical plant of a company which had suspended operations. Whether a concern is going or liquidating, maintenance activities are necessary. The fact that the relator was no longer actively engaged in the manufacture of Compo-Board did not remove every activity done thereafter from the usual course of that business. In a loose sense, it was in the business of going out of business. Relator had its investment in its physical plant to protect, and that required maintenance. Just as the act protects the employe who is engaged in an activity which is common to the stage which immediately precedes the inception of business (Colosimo v. Giacomo, 199 Minn. 600, 273 N. W. 632), so, too, does it protect the employe who is engaged in an activity which is common to the liquidation or suspension stage of a business. The commission was clearly correct in concluding that relator was subject to the act.

Respondent will be allowed $50 as attorney's fees.

Order affirmed.