# LEO J. ALTERMATT v. VALERIUS ALTERMATT.[1]

May 1, 1953.

No. 35,943.

*A. M. Joyce*, for relator.
*Paul Ter Steeg*, for respondent.

LORING, CHIEF JUSTICE.

Certiorari to review an order of the industrial commission affirming the findings of a referee awarding Leo Altermatt workmen's compensation benefits. The referee found a compensable employer-employee relationship between relator and claimant and that claimant suffered accidental injuries which arose out of and in the course of his employment. The questions presented here appear to be three: (1) Was claimant an "employee" of the relator? (2) Was he only a casual employee not engaged in the usual course of relator's business? (3) Was there such a material deviation by claimant from his authority and instruction that his injuries did not arise out of and in the course of his employment?

[1]Reported in 58 N. W. (2d) 256.

The claimant, Leo Altermatt, was ordinarily engaged in the baling and hauling of flax straw. The relator was in the implement business and regularly took chattel mortgages and made sales on conditional sales contracts. On the day of the accident, the claimant went to relator's store to meet his employer and collect his pay. His employer, however, did not appear. The relator apparently informed claimant that his employer was in default on the payments on two tractors and that he intended to repossess them. According to claimant, relator requested claimant and another man to accompany him to the place where the tractors were and drive them back to his store. Claimant testified that relator paid for his lunch on the trip and also gave him five dollars. On the return trip, claimant lost sight of the other tractor and apparently took a wrong turn. While claimant was proceeding on this road, the tractor slipped off the edge of the road and claimant received his injuries.

■ Considering as a whole the relationship existing between claimant and relator, the control that relator might have exercised over claimant, and the payment of the lunch and of the five dollars, there is sufficient evidence to sustain a finding of an employer-employee relationship.

The exception from the workmen's compensation act of casual employees not in the usual course of employer's business applies only when both requirements are met. Chisholm v. Davis, 207 Minn. 614, 292 N. W. 268; Nygaard v. Throndson Brothers, 173 Minn. 441, 217 N. W. 370. Even though the employment is casual, if it is within the usual course of the employer's business, it is within the act. Colosimo v. Giacomo, 199 Minn. 600, 273 N. W. 632; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; Workman v. Endriss, 164 Minn. 199, 204 N. W. 641. A finding that repossession of implements sold on credit was within the usual course of relator's business is warranted under the evidence presented.

■ Similarly, a finding that claimant's action in taking the wrong road did not remove him from the scope of his employment is amply sustained by the evidence.

Order affirmed.

Employee is allowed $250 attorney's fees over and above his costs and disbursements.